## BUCK *v.* FISCHER et al.

PARTIES — *husband of executrix may join as plaintiff.*    Upon marriage with an
   executrix, the husband becomes co-executor of the same estate, and he
   may join with her as plaintiff in a suit to foreclose a mortgage given to
   decedent.

PLEADING — *character in which plaintiffs sue.*    In a bill by husband and wife
   to foreclose a mortgage, if the facts alleged show that they sue as exec-
   utor and executrix of an estate, the failure to describe themselves as such
   will not be fatal to the suit.*

PRACTICE — *general order of reference.*    Upon the resignation of a master in
   chancery, all causes then before him may be referred to his successor in
   office, by a general order.

### *Appeal from District Court, Arapahoe County.*

THE bill alleges that Wm. Buck, February 15, 1868, exe-
cuted a promissory note to Frantz A. Brocker, since
deceased, payable June 1, 1868, for $300, and secured it by
mortgage upon certain premises in Douglass county, which
are described in the bill.    Brocker died August 28, 1870,
leaving the complainant, Amelia, his sole legatee and

---

* S. C., *ante*, 182.

devisee ; that his last will and testament was admitted to probate, and letters testamentary, with the will annexed, were issued to the said Amelia ; that the said Amelia afterward, February 24, 1872, intermarried with the co-complainant, C. F. A. Fischer, and that she is now the lawful wife of the said Fischer. The defendants, William and Annie Buck, answered, and there was a reference to H. E. Luthe, Esq., master in chancery, to take proof. Afterward, upon the resignation of Luthe, the court entered a general order, directing that all causes referred to him, and which he had not reported upon, should be referred to Wm. B. Mills, Esq., to proceed in the same manner as Luthe was directed.

This cause was before the court upon writ of error at the February term, 1873, *ante,* 182.

Mr. E. L. SMITH, for appellant.

Mr. T. G. PUTNAM, for appellee.

HALLETT, C. J.    Appellant executed a mortgage to one Brocker, who afterward died, having bequeathed all his property to Amelia, his wife, and appointed her executrix of his estate.    After letters testamentary were issued to her, Amelia intermarried with C. F. A. Fischer, and thereby he became co-executor of the estate.    3 Redf. on Wills, 78.

The failure of appellees to describe themselves as executrix and executor of the estate, the facts being alleged from which that conclusion may be drawn, cannot be fatal to the suit.    That the suit could only be maintained by appellees as personal representatives of the estate, may be conceded (1 Story's Eq. Pl., § 200), but the character in which they sue sufficiently appears from the facts alleged in the bill. Under chapter, 60 R. S. 455, a *femme covert* may sue and be sued in all matters relating to her property, person and reputation, in the same manner as if she were sole, but this suit was not brought to enforce any such right.    As executrix of the estate of Brocker, · the present husband was

responsible for her conduct under the general rule, and therefore he had a right to join with her, as plaintiff, in the suit.

Whether the rule has been changed by the late statute of 1874 (10 Sess. 185), we need not determine, since that statute was passed after the suit was brought.

The objection that Mr. Mills had no authority from the court to take evidence in the cause is without foundation. The general order by which he was directed to proceed as master in chancery, in all causes which had been previously referred to Mr. Luthe, was a sufficient delegation of power.

We find no error in the record, and therefore affirm the decree of the district court, with costs.

*Affirmed.*