AMY SMITH, PLAINTIFF-APPELLANT, v. ESSEX COUNTY PARK COMMISSION, DEFENDANT-RESPONDENT.

Submitted October 28, 1932—Decided January 31, 1933.

For the appellant, *John B. Brown.*

For the respondent, *J. Henry Harrison.*

The opinion of the court was delivered by

CAMPBELL, CHANCELLOR.   This is an appeal from a judgment entered upon a verdict directed by the court below in favor of the defendant below.

The plaintiff below is the widow of Raymond A. Smith who was a member of the Essex county park police force and who was injured on November 6th, 1926.

At the time of the injury he was riding a motorcycle and was attempting to overtake persons who were speeding, an act which was in line with his duties.   He fell from his motorcycle and in falling the revolver which he was carrying was brought in forcible contact with his abdomen, "jammed" into it, as is said, causing severe bruising.   He had, some years before, been operated on for appendicitis and this bruising was at or near the scar which resulted from that operation. About three years after this happening and injury of November 6th, 1926, he entered the Orange Memorial Hospital for an ailment said to be an ulcer in the duodenum and died October 25th, 1929, following an operation based upon such diagnosis.

The action was brought to recover the amount of a pension to which the plaintiff would be entitled if her husband lost his life in the performance of his duty; the defendant below having denied liability.

At the end of the plaintiff's case a nonsuit was moved, and not decided but taken under advisement by the trial judge and the defendant proceded with its case and at the conclusion of the entire case moved a direction of verdict in its favor upon the following grounds, which are the grounds urged upon the motion for nonsuit, somewhat enlarged:

"1. That there is no reasonable basis for the inference that the injuries suffered by the plaintiff's intestate in 1926 was the cause of his death in 1929, and that therefore the case clearly shows that the deceased did not lose his life in the performance of his duty, which is the consideration in the statute.

2. That there is no causal connection shown between the injury and the death, the record of the case clearly showing even from the plaintiff's own testimony that there were a number of other factors which would have to be considered in an injury of this kind and in a death of this kind from ulcers as alleged, and the testimony of the defendant clearly showing that this deceased did not die from the cause alleged; that is from ulcers following the accident in 1926.

3. That the plaintiff has failed to negative the existence of other possible causes."

The trial judge held the motion under advisement, in the meantime submitting the cause to the jury, under instructions that were not excepted to by counsel for either party.

Counsel for defendant lodged an exception to the ruling of the trial judge holding the motion for direction undecided awaiting the jury's verdict and at the conclusion of the court's charge to the jury moved that "if the jury returns a verdict in favor of the plaintiff that it be not entered until the court's determination of the motion for the direction of a verdict." This motion was granted.

The jury returned a verdict in favor of the plaintiff for $2,937.31. Thereafter the trial judge, passing upon the mo-

tion for direction of verdict, directed a verdict in favor of the defendant, *non obstante veredicto,* for the reason that "my conclusion is therefore that the evidence has not furnished the probability that the blow was the cause of his death and did not exclude the other causes, there being no evidence to this effect," and accordingly judgment was entered and the plaintiff having duly excepted, to the ruling of the trial court, has taken this appeal, urging and arguing that the trial court committed legal error because there was proof that injuries received by plaintiff's husband in 1926 were the cause of his death; that such proofs established a causal connection between the injuries received and the cause of death and that although there were proofs to the contrary, or from which contrary conclusions might be drawn, a jury question was thus presented. Respondent-defendant urges that it was the duty of the plaintiff-appellant by affirmative proof to exclude all other possible causes of death and that this was not done and for that reason, therefore, the action of the trial court is justified.

Our examination of the case, irresistibly brings us to the conclusion that there were such proofs upon all these points calling for a solution of the controversy by the jury and that it was error for the trial court to have directed a verdict.

The judgment under review is therefore reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, HEHER, KAYS, HETFIELD, WELLS, KERNEY, JJ. 13.