HOLLIS *v.* JONES *et al.*

No. 11642. APRIL 13, 1937.

*Poole & Fraser,* for plaintiff.

*J. C. Savage, Bond Almand,* and *C. S. Winn,* for defendants.

RUSSELL, Chief Justice. Mrs. James A. Hollis filed her petition for mandamus against O. R. Jones and others, as members of the "Board of Trustees of the Pension Fund of the Police Department of the City of Atlanta," and alleged: Plaintiff is the widow of James A. Hollis, who died on June 8, 1930. For more than thirty years before his death he was a member of the police department of the City of Atlanta. As his widow plaintiff drew a pension of $99 a month until the month of February, 1933, which was paid to her under the act of the General Assembly approved August 18, 1925, providing for payment of pensions to retired members of the police department of said city and to the widows of deceased members thereof. Plaintiff's husband during his lifetime, and while he was an active member of the police department of said city, after the passage of the act of 1925 and in accordance with its terms, paid a tax of one per cent. of his salary, which went into the Police Pension Fund of the City of Atlanta. In February, 1933, defendants in their capacity as trustees of the pension fund reduced the amount of the monthly payments to plaintiff to $40, which, as she was informed, was done because of the passage by the General Assembly of the act of February 15, 1933, authorizing such reduction. So much of said act of 1933 as seeks to reduce the monthly pension from $99 to $40 is void and unconstitutional, as applied to plaintiff, for the reason that it is in violation of that part of art. 1, sec. 10, par. 1, of the constitution of the United States, which declares that no State shall pass any ex post facto law, or law impairing the obligation

of contracts. The payment by plaintiff's husband of said tax of one per cent. of.his salary, pursuant to a contract between him and the defendants as trustees, constituted a valid and binding consideration for said agreement, and the legislature did not have the right or authority to abrogate said agreement or to reduce the amount of pension due plaintiff as the result of said agreement. By reason of this illegal reduction in the amount of monthly pension paid to plaintiff, said trustees are indebted to her in the sum of $2478; and there are sufficient funds in their hands to pay this sum. They also have on hand sufficient money to pay all pensioners in full for the period stated. Plaintiff has demanded of the trustees the execution and delivery to her of a voucher for the amount of pension to which she is entitled, which they have refused. She prays for mandamus directing the defendants to issue and deliver to her a voucher for $2478, as the amount due to her, and that thereafter payment be made to her at the rate of $99 a month during her life. A mandamus nisi was granted, and on the hearing the judge dismissed the petition on general demurrer, holding that it appeared that the plaintiff had elected to come under the act of 1933, by accepting pension payments of $40 thereunder for three and a half years, and that she could not now insist that said act was illegal and unconstitutional, as by her conduct she had waived the right to make such attack. The plaintiff excepted.

■ The principles announced by this court in *Trotzier* v. *McElroy,* 182 *Ga.* 719 (186 S. E. 817), are controlling of the questions presented by the allegations of this application for mandamus; and therefore the petition was good as against a general demurrer.

■ Matters of defense not appearing from the allegations of the petition can not be raised by a general demurrer. *Anderson* v. *Hilton & Dodge Lumber Co.,* 121 *Ga.* 688 (49 S. E. 725); *Gibson* v. *State,* 118 *Ga.* 29 (44 S. E. 811). Therefore, without deciding whether the fact that the petitioner, by receiving for three and a half years the monthly pension installments of $40 as provided in the act of 1933 (Ga. L. 1933, p. 213), upon refusal of the respondents to continue paying to petitioner the monthly pension installments of $99 under the pension act of 1925 (Ga. L. 1925, pp. 228-234), which latter statute was in force when peti-

tioner's husband was alive and paid his monthly dues to the pension board, relinquished any rights which she might have had under the 1925 law, or thereby elected to come under the provisions of the 1933 law, and was estopped from attacking the same as unconstitutional, such are matters of defense. They do not affirmatively appear from the allegations of the petition, and therefore they can not be considered under the present writ of error. The judge erred in sustaining the general demurrer and dismissing the petition. *Judgment reversed. All the Justices concur.*