# Arnold v. Browning et al.

May 4, 1943.

Jones, Keith & Jones for appellant.

Richard Priest Dietzman, Lawrence S. Poston and Richard H. Hill for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER— Affirming.

The appeal is from an order sustaining a demurrer to and dismissing appellant's petition as amended, wherein she sought a mandatory order to require appellees, who are members of the Board of Trustees of the Firemen's Pension Fund in the city of Louisville, to place her name on the pension rolls.

Appellant married Captain William Arnold in the year 1903. At that time and continuously thereafter until July 1, 1925, Captain Arnold was an active employee of the Louisville Fire Department. On the last-named date, because of physical infirmities, he was retired by the Board of Trustees of the Pension Fund as then constituted, and thereafter until his death on June 23, 1941, he participated in the benefits of the firemen's pension fund. In the year 1917, Captain and Mrs. Arnold were divorced. She remarried and was divorced from her second husband in the year 1924. On October 7, 1935, she and Captain Arnold remarried and lived together until his death. At the time Captain Arnold's name was

placed on the pension list, the law governing the rights of retired members of the fire department and their widows was prescribed by an Act of the General Assembly of 1912, c. 122, as numerously amended and finally compiled in the 1930 edition of the Kentucky Statutes under section 2896a-16 et seq. The Legislature of 1936, c. 73, repealed that act and the amendments thereto in their entirety and enacted another empowering cities of the first class to enact their own legislation providing for pensions for firemen and their dependents. The General Assembly of 1938, c. 152, enacted a new law in respect to firemen's pension funds in cities of the first class, which act is now in effect and is compiled in KRS 95.310, 95.320, 95.330, 95.340, 95.350, 95.360, 95.370, 95.380, 95.390, 95.400, 95.410, 95.420 and 427.120 (Carroll's Kentucky Statutes, section 2896b-5 to and including section 2896b-15). The 1938 Act provides for the payment of a pension to the widow of a retired employee of the department, provided the widow and the deceased employee were married to each other at the time of the latter's retirement from active duty. The act in effect at the time of the retirement of Captain Arnold did not contain such a provision but did provide, which the 1938 Act did not, that no appeal could be had from a decision of the Trustees of the Board of Pensions concerning the eligibility of any person to participate in the fund. The 1938 Act provides that all beneficiaries drawing pensions at the time of the effective date of the act from any fund theretofore created by Statute or ordinance of a city of the first class shall continue to draw such pension from the fund created by the 1938 Act.

The contention of appellant seems to be that because of this provision and because of the fact that she was remarried to Captain Arnold while he was a beneficiary under the Act of 1912 as amended, her right to become a beneficiary of the fund upon the death of her husband became fixed at the time of her remarriage and continued, notwithstanding the provision in the 1938 Act that the widow is not entitled to a pension unless she was married to the employee of the department at the time of his retirement from active duty.

The fallacy of this contention is apparent from the fact that the benefit to be granted to the widow is not a continuation of the pension formerly paid to her hus-

band; it is an entirely separate benefit and does not vest in the widow until the death of her husband. The right to participate in a pension fund which has not been contributed to voluntarily by the pensioner is not a vested right per se. It is only when by the terms of the act providing for the fund, the claimant is shown to become entitled to the benefits that the right thereto becomes vested. Miller v. Price, 282 Ky. 611, 139 S. W. (2d) 450. The benefits provided for the husband in each of the acts we have reviewed terminate absolutely, and pass out of existence entirely, upon his death. Neither provision has any connection or continuity with the other and the right of a widow to the benefits must be determined upon the facts and law existing at the time of the decease of her husband. In the instant case, appellant did not acquire any right to the pension fund until the death of her husband in 1941, and the law in existence at that time controls the determination of the question. That law provides that she shall not be entitled to the benefits of the fund unless she was married to her deceased husband at the time he was placed on the retirement list. There was good reason for incorporating this provision into the act. Some women have fallen into the vicious practice of seeking a living by the equivocal means of marrying a pensioner whose life expectancy seems to be short, thus attempting to render themselves eligible to the benefits of a widow's pension upon the death of their husbands. Indeed, it would appear from the amended petition filed by appellant that this thought was the moving consideration in her remarriage to Captain Arnold. She alleged that after Captain Arnold had suffered a paralytic stroke and was helpless, the persons then constituting the Board of Trustees of the Pension Fund prevailed upon her to remarry him and assured her that if she would do so, she would, in the event of his death, receive the pension which had already been granted to him and which had been paid him from the date of his disability and retirement; and that acting on these representations, she remarried the Captain. It is not now contended that such representations by the individual members of the board were binding upon the board. Appellant would have been in no better position if the decision were to have been made under the law in force at the time of her remarriage. Her claim was presented to and rejected by the board. That act provided that no appeal from its de-

cision could be had. From what we have said it is clear that the lower court correctly sustained the demurrer to the petition as amended.

Wherefore, the judgment is affirmed.