State ex rel. Bartelt, Administrator, Respondent, vs. Thompson and others (Annuity & Pension Board of the Employees' Retirement System of the City of Milwaukee), Appellants.*

*October 9—November 14, 1944.*

* Motion for rehearing denied, with $25 costs, on January 16, 1945.

For the appellants there were briefs by *Walter J. Mattison,* city attorney, and *John J. Dolan,* assistant city attorney, and oral argument by *Mr. Dolan.*

For the respondent there was a brief by *C. R. Dineen* and *Whyte, Hirschboeck, Minahan & McKinnon,* all of Milwaukee, and oral argument by *H. C. Hirschboeck.*

ROSENBERRY, C. J.    The deceased, Walter C. Bartelt, had been an employee of the city of Milwaukee since May 18, 1926.    He elected to become a member of the Employees' Retirement System on January 1, 1938, and continued in active membership in the system until his death on December 20, 1942.    During his active membership in the system his accumulated contributions amounted to $1,012.58.    With respect to these contributions there is no controversy.

Sec. 8 (1) (a) of said ch. 396, Laws of 1937, provides:

"Annuity savings fund" is defined as follows:

"A fund in which shall be accumulated contributions from the compensation of members to provide for their annuities. Upon the basis of such tables as the board [Annuity & Pension Board] shall adopt, and regular interest, the actuary of the retirement system shall determine for each member the proportion of earnable compensation which, when deducted from each payment of his prospective earnable compensation prior to his attainment of age sixty and accumulated at regular interest until his attainment of such age, shall be computed to provide at that time an annuity equal to the pension to which he will be entitled at that age on account of his service as a member. Such proportion of compensation shall be computed to remain constant. . . ."

Ordinary "death benefit" was defined by sec. 5 (4) of the act as follows:

"Upon the receipt of proper proofs of the death of a member in active service which is not the result of an accident in the actual performance of duty as defined in subsection (5) of this section, his accumulated contributions shall be paid to such person, if any, as he has nominated by written designation duly executed and filed with the board, otherwise to his executors or administrators, and if such member has completed one or more years of creditable service, there shall be so paid in addition a lump sum benefit of one half the final average salary of such deceased member."

Said ch. 396, Laws of 1937, was amended on June 28, 1941, by sec. 6, ch. 308, Laws of 1941, by adding at the end of sub. (4) the words "but not to exceed one thousand dollars." The relator relies heavily upon sec. 10, ch. 396, Guaranty and Supervision, which is as follows:

"The creation and maintenance of reserves in the pension accumulation fund, the maintenance of annuity reserves and pension reserves as provided for, and regular interest creditable as provided for to the various funds, and the payment of

all pensions, annuities, retirement allowances, refunds and other benefits granted under the provisions of this act, and all expenses in connection with the administration and operation of the retirement system are hereby made obligations of the city. The various funds of the retirement system shall be subject to periodic examination by the insurance department of the state of Wisconsin, for the purpose of insuring that the technical features of this act are observed."

It was optional with the city employee whether he would become a member of the retirement system. If he elected to become a member, he thereby consented to have deducted from his salary a specified amount.

Under these provisions of the statute, the relator contends that by electing to become a member of the retirement system, the relation between the deceased and the city retirement system was contractual in its nature; that the relation being contractual, the legislature was without power to reduce the amount of the city's contribution to the fund. In this case the estate of the deceased employee under the act as originally passed would have amounted to $2,722.58, of which amount $1,710 would be contributed by the city, being one half of his final average salary at $3,420. As amended by ch. 308, Laws of 1941, the city's contribution would be limited to $1,000.

The case turns upon the construction to be placed upon sec. 5 (4) of ch. 396, Laws of 1937, as amended by ch. 308, Laws of 1941. If the relation between the deceased and the retirement system was contractual in its nature, then under the doctrine of *State ex rel. Dudgeon v. Levitan* (1923), 181 Wis. 326, 193 N. W. 499, the rights of the deceased under the contract could not be impaired by subsequent legislation. The relation of Walter C. Bartelt to the city of Milwaukee was not contractual as was the relation of the school principal to the city of Oshkosh in the case of *State ex rel. O'Neil v.*

*Blied* (1925), 188 Wis. 442, 206 N. W. 213, relied upon by the relator.

In this case the deceased was an employee for no specified period but held his position at the will of the city so that the cases of *State ex rel. O'Neil v. Blied* and *State ex rel. Dudgeon v. Levitan, supra,* are not in point.

This case is ruled by *State ex rel. McCarty v. Gantter* (1942), 240 Wis. 548, 4 N. W. (2d) 153.

It is clear that under the provisions of sec. 5 (4) the right to receive a contribution from the city does not arise until the proper proofs of death of a member are filed. At the time of the amendment in 1941, the deceased employee had no vested right to the contribution provided for by sub. (4). While sec. 10, which has been already quoted, makes the payment of the funds therein described an obligation of the city, that obligation does not vest until the death of the member, and for that reason neither he nor his estate has a vested interest in the benefit to be paid by the city pursuant to the provisions of sub. (4). The deceased having no vested interest in the contribution of the city and the relation between the parties not being contractual, it was within the competency of the legislature to prescribe a different amount than that prescribed in ch. 396, Laws of 1937, at any time before the death of a member. The Annuity & Pension Board properly applied the provisions of ch. 396, Laws of 1937, as amended, by allowing the relator the sum of $2,012.58, and its action should have been affirmed.

*By the Court.*—The judgment appealed from is reversed, and cause remanded with directions to enter judgment in accordance with this opinion.