**233 P.2d 411**

**DUNN v. SILVER DOLLAR MINING CO. et al.**

No. 7715.

Supreme Court of Idaho.

June 27, 1951.

Rehearing Denied July 25, 1951.

Walter M. Oros, Frank L. Benson, Boise, for appellant.

Nelson & Nelson and Philip E. Dolan, all of Coeur d'Alene, for respondents.

KEETON, Justice.

Appellant Archie M. Dunn on October 7, 1948, filed with the Industrial Accident Board claim for compensation and notice of first manifestation of occupational disease, and claimed in the forms filed that he was exposed to the hazard of silicosis while employed by defendant company, and that the disease first manifest itself August 13, 1948. On one of the forms filed he claimed he had been employed for fifteen months by the defendant company prior to August 13, 1948, and that prior to that time he had operated a sawmill and had worked four years for a mining company in Kansas; also, that he had farmed four years in the last ten. No further proceeding having been taken or hearing asked for, the respondent surety filed a petition and motion on January 27, 1950, for an order dismissing and denying the claim. The Industrial Accident Board, on its own motion, set the matter for hearing for March 15, 1950, at Wallace, on which date a hearing was had. At the conclusion of the hearing, the Board dismissed the claim and in the ruling recited and ordered:

"It appearing from said record that during the period immediately preceding the date of claimant's last hazardous exposure to the inhalation of silica dust, to wit, Aug. 13, 1948, claimant's exposure under contract of employment existing in the State of Idaho was for fifteen months and not for at least two years, as required by Sec. 72–1217 I.C., and claimant not having sought amendment of said claim:

\*     \*     \*     \*     \*     \*

"It Is Hereby Ordered that claim based on disability from silicosis, made by Archie M. Dunn against Silver Dollar Mining Company, and its surety, Idaho Compensation Company, be and the same is hereby dismissed."

No appeal was ever taken from this order, and the time for appeal has long since expired.

The merits or demerits of the finding and ruling of the Board are therefore not before us for review and will not be discussed or considered. See Sec. 72–609, I.C.

In the transcript of the proceedings before the Board are two several notices entitled "Notice of Injury and Claim for Compensation". One of the claims is dated April 29, 1949, and alleges that appellant on May 5, 1948, was in the employ of respondent company, and while lifting tram cars on track, strained his chest and

started coughing, and his disability commenced August 13, 1948. This claim was filed with the Board on March 15, 1950. The company acknowledged having received it on May 11, 1949.

The second claim is dated April 29, 1949, and alleges that the claimant while employed by respondent company on May 25, 1948, while lifting timbers strained his chest and started coughing and his disability commenced August 13, 1948. This claim was filed with the Board May 12, 1949.

On June 6, 1950, claimant filed with the Board a petition for hearing in which he alleged that on May 25, 1948, he received personal injuries by accident arising out of and in the course of employment with the company. Further: "That on or about April 29, 1949 two claims in writing, containing the name and address of the employer and the time, place, nature and cause of each respective injuries, signed by the claimant was mailed by claimant to his employer on or about said date, * * * and that only one of said claims, to-wit, that of said accident for May 25, 1948, was filed with the Industrial Accident Board on May 12, 1949."

Claimant in his petition for hearing claimed total disability for work; that he has silicosis and tuberculosis of the lungs and the combination of the two will continue, and will render him disabled probably for life.

On July 22, 1950, the employer and its surety filed a motion to dismiss and deny the claims for compensation for reasons, among others:

"That more than a year elapsed between said dates of May 11 and May 12, 1948, when said claims for compensation on account of personal injury were made and filed during which year the said claimant did not file or cause to be filed with the Industrial Accident Board a claim or application demanding a hearing and an award by reason of said claims for compensation and that not until about June 8, 1950, more than a year after the making and filing of said claims for compensation, did the claimant ask for a hearing or an award under said claims, or either of them.

"That by Section 43–2107, ICA and Section 72–1207, IC relief under said claims for compensation on account of personal injury and each of them was forever barred and on May 11 and 12, respectively, 1950.

"That no compensation was ever paid said claimant by the defendants or either of them on account of said claims for compensation filed May 11 and 12, 1949."

The petition for hearing and the motion to dismiss were by the Board set for hearing for the 25th of July, 1950. At this hearing both parties were represented by counsel. The matter was argued on briefs. Thereafter on September 22, 1950, the Board made the following ruling of law and order:

"Claim based on alleged accident of May 5, 1948, possibly made on employer on its date April 29, 1949, admittedly made on surety May 11, 1949, filed March 15, 1950, on which petition was filed June 22, 1950, is barred by Sec. 72–407, I.C.

"Claim based on alleged accident of May 25, 1948, made on employer possibly on its date April 29, 1949, certainly made May 10, 1949, filed May 12, 1949, on which petition was filed June 22, 1950, is barred by Sec. 72–407, I.C.

"Order of Dismissal

"Wherefore It Is Hereby Ordered that defendants' motion to dismiss both claims be and the same is hereby granted.

"Dated at Boise, Idaho, this 22nd day of September, 1950."

Thereafter, the claimant filed a "Petition for Hearing and to set aside and vacate Order of Dismissal", and in this last petition alleged that he had been paid compensation on account of the injury or injuries received; that he had been furnished medical and hospital services for treatment of the same.

The Board on October 18, 1950 denied the petition for rehearing.

The claimant appealed from the order of dismissal dated September 22, 1950, and from the order denying his petition for hearing and to set aside and vacate order of dismissal dated October 18, 1950.

From claimant's brief, we quote the following: " * * * appellant, on April 29, 1949, filed with the defendant employer, Silver Dollar Mining Company, two claims for compensation. In one of these he alleged having sustained an injury as the result of an accident occurring May 5, 1948, and in the other, an injury resulting from an accident occurring May 25, 1948.

It may be here noted that the claimant does not pretend to have complied with Sec. 72–402, I.C. in notifying the employer of the claimed injury within sixty days after its alleged happening and that nearly a year expired before the employer was given any notice at all.

Claimant filed with the Board a petition for hearing on the above claims on June 6, 1950, in other words, more than a year subsequent to April 29, 1949, and it will be further noted that in the claims for accidents alleged to have occurred on May 5th and 25th, 1948, claimant claimed disability due to silicosis and tuberculosis of the lungs by reason of an accident caused by lifting a tram car and timbers on dates respectively of May 5th and 25th, 1948.

In the original petition for hearing claimant did not allege that payment of compensation had been made, or allege any other grounds that would prevent the claims from being barred by the statute of limitations, Sec. 72–407, I.C., nor allege or show any excuse or reason for not filing the petition for hearing within the time provided by law; nor did claimant claim

in the petition that he had ever been paid anything by employer or otherwise, and the first intimation appearing anywhere in the record that the claimant claimed to have been paid compensation by hospital and medical service furnished by the employer due to said alleged accidents is found in the "Petition for Hearing and to set aside and vacate Order of Dismissal" which was filed October 18, 1950, in which petition to set aside and vacate order, we quote the following: "Whether petitioner has been paid compensation is a question of fact to be established by evidence at a hearing, and petitioner alleges that he has been paid compensation on account of the injury or injuries he received, and more particularly, that he has been furnished medical and hospital services for treatment of the same."

No such assertion was made or presented at the original hearing held July 25, 1950; nor did claimant offer to submit evidence on this contention.

The claimant and appellant assigns errors as follows:

First, the Industrial Accident Board erred in making and entering its order dismissing claim under the occupational disease law. The answer to this contention is that the claimant never appealed from the order and as above indicated it is not before us for review.

Second, the Board erred in dismissing appellant's "Second Claim" for the reason that the making thereof was not completed until March 1950, at which time it was filed with the Industrial Accident Board. In appellant's statement of the case, on page 2 of his brief, he states that the claim in question was filed with defendant company on April 29, 1949, and the Board found that it was made on May 12, 1949.

Sec. 72-407, I.C. gives the claimant one year from the date of making his claim in which to make and file with the Industrial Accident Board an application demanding a hearing and award under such claim.

We conclude that within the meaning of this section, the claim was made on or before May 12, 1949, and the claimant had one year from that time in which to petition for a hearing.

In the instant case, according to appellant's brief, the notice was given the employer April 29, 1949. It was the obligation of the claimant to file his original claim with the Industrial Accident Board.

Sec. 72-404, I.C. provides as follows: "Any notice under this act shall be given to the employer, or, if the employer be a partnership, then to any one of the partners. If the employer be a corporation, then the notice may be given to any agent of the corporation * * * or any agent in charge of the business at the place where the injury occurred. Such notice shall be given by delivering it or by sending it by mail by registered letter addressed to the employer at his or its last known residence or place of business. The fore-

going provisions shall apply to the making of a claim."

In the third assignment of error, claimant asserts that Sec. 72–407, I.C. giving the claimant one year from the date of making the claim in which to file a petition for hearing with the Board is not applicable to this claim, and that the section only applies to claims made or pending when the law became effective in 1947.

The construction contended for by the appellant would, in effect, abolish the statute of limitations in limiting the time in which a petition for hearing before the Board should be filed. The statute by plain wording provides for and pertains to all future claims filed after the enactment of the act, which was approved March 10, 1947.

In appellant's fourth assignment of error he asserts that the second and third claims were not barred by the statute above quoted for the reason that no evidence was introduced and there was nothing upon which to predicate a finding that no compensation had been paid.

The claim as filed by the claimant shows on its face that it is barred by the statute of limitations, and he did not allege that compensation had been paid or that there was any other reason that the claim would not be so barred, and without such allegation or proof the Board was correct in holding that it was barred.

At no time prior to or during the hearings did claimant allege or assert, or make it known to the Board, or the employer, or the surety, that he claimed that compensation had been paid him, and first alleged that hospital and medical care were provided for him after the Industrial Accident Board had ruled that the claims were barred by the statute of limitations, and claimant in his petition for rehearing does not allege or assert that any sum of money was ever paid for hospital or medical treatment, nor does he allege or assert who is supposed to have furnished the medical or hospital service, or any other fact that would amount to a waiver of the statute of limitations on the part of the surety or the employer.

The Board, on claimant's petition, set the matter for hearing, and the Board or no one else was ever advised by any allegation in the petition, or otherwise, that the appellant claimed a recognition by respondents of liability for compensation in any form, and not until after the Board had announced its ruling did the appellant assert there was any reason or grounds to prevent the running of the statute.

The appellant contends that the term "compensation" as used in the compensation act includes payment for hospital and medical services as well as payments made directly to injured workmen or dependents. Whether this be so or not need not be decided in this proceeding for the reason that appellant, when given an opportunity to be heard, did not allege, assert or prove that compensation for medical services or

otherwise was ever made by the employer or its surety.

We therefore conclude that the order denying compensation on the silicosis claim first above referred to was not·appealed from and is not before us for review. That the claims for compensation for industrial accident alleged to have occurred on May 5th and 25th, 1948, are barred by the statute of limitations in that no petition for hearing was filed within one year after notice to employer and making the claim; that there is nothing in the record to show that the statute of limitations was ever waived by the employer or its surety, or that·anything was ever done by the employer or its surety that would, or could be construed to amount to such waiver. We find no error. The orders appealed from are affirmed.

GIVENS, C. J., and PORTER, TAYLOR and THOMAS, JJ., concur.