245 P.2d 398

ARNOLD v. CLAUDE LACEY & SON et al.

No. 7851.

Supreme Court of Idaho.

June 10, 1952.

J. Henry Felton and William J. Jones, Lewiston, for appellant.

Philip E. Dolan, Coeur d'Alene, for respondents.

KEETON, Justice.

Fred Arnold, a tractor driver, claimant and appellant, suffered an injury to his back on June 10, 1948, while in the employ of Claude Lacey & Son. The Idaho Compensation Company is the surety of the employer under Workmen's Compensation Act. Claimant was hospitalized and returned to work on August 2, 1948, and continued to work for one or more employers until the middle of October, 1949—approximately fourteen months. In a notice of the injury dated April 21, 1949, claimant described the claimed accident as follows: "tractor got stuck and I put some rock under it causing it to jolt me extremely hard causing a back injury."

Report of the alleged accident was transmitted to the surety and an investigation made shortly after the accident by one of its employees. The employer and surety denied liability and claimant consulted an attorney in Lewiston, who conducted some correspondence with the surety relative to the liability, if any. On November 30, 1949, respondent surety wrote a letter to said attorney denying liability. On September 15, 1951, claimant filed a verified petition with the Industrial Accident Board in which he set forth the jurisdictional facts, the nature, cause and extent of the injury, praying that he be awarded hospital and medical bills and an award under the Workmen's Compensation Law for the alleged injuries.

Employer and surety answered the petition denying liability for the accident and injury, and alleged that the claim was barred by the provisions of Sec. 72–407 I. C., and that the Board had no jurisdiction to grant claimant's petition for a hearing.

Employer and surety further filed a motion to dismiss, claiming that the petition for hearing showed on its face that it was barred by the statute of limitations. A

hearing was had before the Board on October 30, 1951, and the Board found:

The alleged accident occurred June 10, 1948, and the employer had actual notice of the injury; formal claim may have been made on April 2, 1949, but with certainty it was made and received in the home office of the surety on June 9, 1949. At no time did the employer pay claimant compensation or medical fees on his account; the surety's adjuster expressed doubt about liability to attending physician on August 2, 1948, and denied liability for medical treatment on November 16, 1948.

The Board concluded that the claim against employer and surety for the alleged accident having been made at the latest June 9, 1949, and petition for hearing not having been filed until September 13, 1951, the claim was barred by the provisions of Sec. 72–407 I.C., and dismissed the claim.

█ In assignments of error the appellant contends that the claim is not barred by the statute of limitations where the employer and surety undertake to file employee's claim with the Industrial Accident Board, and that the rejection of the claim by the surety in the letter of November 30, 1949, addressed to claimant's then attorney, was not communicated to the claimant immediately, or shortly after November 30, 1949. Filing the claim with the Board and filing the petition for hearing are duties of the employee. The employer or surety did not undertake or agree to perform these duties for him, and there is no showing that the claimant was in any way misled to his prejudice by the acts of the employer and surety, or either.

█ Right of an injured employee to compensation is a statutory right governed entirely by legislative enactment. In this case the Board found that the claim was made at the latest in June, 1949. At no time did the employer or surety admit or acknowledge liability. On November 30, 1949, appellant's then attorney was notified that the claim had been rejected. Approximately one year and nine months thereafter, the petition for hearing was filed with the Board.

Sec. 72–407 I.C. provides:

"Where a claim for compensation has been made, and no compensation has been paid thereon, such claimant shall have one year from the date of making such claim within which to make and file with the industrial accident board, an application demanding a hearing and an award under such claim.

*     *     *     *     *     *

"In the event an application is not made and filed as herein provided, relief on any such claim shall be forever barred."

This section determines and fixes the time in which an injured employee shall make claim against the employer, and further fixes the time in which the injured employee shall make application for hear-

**4**

ing before the Board as provided in Secs. 72–402 and 72–404 I.C., and specifies in detail what an employee must do to recover compensation where the liability is not acknowledged, or where the claim is disputed.

■ Appellant contends that Sec. 72–1001 I.C. was not complied with by the employer. Hence the claim is not barred. The statute, Sec. 72–1001 I.C., does not extend the statute of limitations for acts that are to be performed by the employee, but penalizes the employer in a sum not exceeding $500 for not complying with the section. Non-compliance with this section, assuming it was not complied with in this case, could not be construed as tolling or extending the mandatory provisions of Sec. 72–407 I.C. above quoted.

■ Unless compensation has been paid or the period of limitations has been waived by employer and surety, a claimant for compensation has only one year from the date he made his claim within which to petition for a hearing on his claim before the Industrial Accident Board. Secs. 72–402, 72–404, 72–407 I.C. No such petition was filed within the prescribed time in this case. See Dunn v. Silver Dollar Mining Co., 71 Idaho 398, 233 P.2d 411.

The order appealed from is affirmed.

GIVENS, C. J., and PORTER, TAYLOR and THOMAS, JJ., concur.