312 P.2d 1037

La Verna BRANSON, Widow of John L. Branson, Claimant-Appellant,

v.

FIREMEN'S RETIREMENT FUND OF the STATE OF IDAHO, Defendant-Respondent.

No. 8387.

Supreme Court of Idaho.

June 25, 1957.

Mark B. Clark, Jones, Pomeroy & Jones, Pocatello, for appellant.

169

Graydon W. Smith, Atty. Gen., Glenn A. Coughlan, Asst. Atty. Gen., for respondent.

SMITH, Justice.

Appellant seeks to recover from respondent Firemen's Retirement Fund, death benefits allegedly payable on account of the death of her husband, John L. Branson, herein sometimes referred to as Branson.

February 6, 1947, Branson commenced working as a paid fireman for the City of Pocatello. June 29, 1947, he received an injury to his right knee caused by an accident arising out of and in the course of said employment. He was totally disabled for work on account of such injury from January 15, 1948 to July 25, 1951.

July 25, 1951, Bannock County employed Branson as a deputy sheriff; he served in that capacity until and including March 1, 1952. The City of Pocatello then reemployed him March 2, 1952, as a paid fireman, and he so served until August 31, 1952, when the city terminated his employment. Bannock County then reemployed him September 1, 1952, in the sheriff's office where he served until November 7, 1953. He was not thereafter employed. His death occurred December 30, 1953.

July 2, 1947, Branson, by claim filed with the Industrial Accident Board, claimed, and April 15, 1952, by compensation agreement approved by the Board, was awarded, compensation under the Workmen's Compensation Law for his total disability for work on account of such injury, for the period from January 15, 1948 to July 25, 1951, and specific indemnity for a resultant permanent injury.

November 14, 1949, Branson, by claim filed with the Board, also claimed, and June 12, 1952, by agreement approved by the Board, was awarded, benefits under the Firemen's Retirement Fund payable during a portion of the period he was incapacitated from serving as a paid fireman on account of such injury. He received payment of such benefits from March 4, 1949, the effective date of amendment of I.C., sec. 72–1414, to July 25, 1951, less reduction by the amount he had received during said time under the Workmen's Compensation Law on account of his incapacitation, as so provided by I.C., sec. 72–1414(B).

March 7, 1953, Branson by claim filed with the Board, claimed additional benefits under the Firemen's Retirement Fund.

November 13, 1953, Branson filed with the Board his petition for additional compensation under the Workmen's Compensation Law and for additional benefits under the Firemen's Retirement Fund. Respondent State Insurance Fund by its answer, inter alia, pleaded the bar of the statute of limitations under the Workmen's Compensation Law, i. e., I.C., sec. 72–407, which allows four years from the date of the accident causing the injury, for hearing of a claim under the Workmen's Compensation Law upon which compensation has been paid and discontinued; and I.C., sec.

72–607, which allows four years from the date of the accident causing the injury within which to apply for modification of an award on the ground of change in condition. The Board treated Branson's petition as an application for modification because of changed condition and, since four years had expired since June 29, 1947, the date of the accident which caused Branson's injury, ruled that any further relief to him was barred. No appeal was taken from such decision within 30 days or at all as provided by I.C., sec. 72–608.

August 7, 1954, appellant filed with the Board her claim for benefits under the Firemen's Retirement Fund. She alleged the accident of June 29, 1947, and Branson's personal injury thereby received, while working for the City of Pocatello as a paid fireman, and his retirement from such work, and death as attributable to said accident.

Respondent, Firemen's Retirement Fund, through its administrator, generally denied liability on appellant's claim; also, in bar to said claim, pleaded res judicata and the statute of limitations, I.C., secs. 72–407, 72–607 and 72–608 of the Workmen's Compensation Law. The Board, upon hearing the matter, entered an order, October 18, 1955, denying appellant's claim. Appellant perfected an appeal from such order.

Appellant asserts error of the Board in denying her claim for benefits on grounds of res judicata and the bar of said statute of limitations.

I.C., sec. 72–1414, subdivisions (B) and (C), omitting the provisions relating to reduction by payments received as workmen's compensation, read as follows:

"(B) Any paid fireman incapacitated by injury in the course of duty, or by illness attributable wholly or partially to service as a paid fireman, shall be retired so long as such disability shall continue in a degree which prevents efficient service, and during such disability shall be paid from said fund [firemen's retirement] a monthly sum of ninety-five dollars * * *.

"(C) In the event a paid fireman is killed or sustains injury, from which death results, while in performance of his duty, and leaves surviving him a widow, his widow shall, during the time she remains his widow and does not remarry, be paid from the said fund the monthly sum of ninety-five dollars * * *."

In regard to respondent's plea of res judicata the Board's ruling on Branson's claim filed March 7, 1953, for additional benefits under the Firemen's Retirement Fund, is as follows:

"This claim [filed March 7, 1953 for additional Firemen's Retirement Fund benefits] was denied in case No. 248852 [Workmen's Compensation] by decision

rendered May 29, 1954. That decision upheld the plea of the defendants, including defendant herein of the bar of Sections 72-407 and 72-607, specifically as to Branson's workmen's compensation claim, inferentially as to his claim against the Firemen's Retirement Fund.

"* * * Decedent's second claim on the Firemen's Retirement Fund, dated March 4, and filed March 7, 1953, was based solely on the same accident. In fact it was a claim for additional compensation on a change of condition. So also was his petition for hearing filed November 13, 1953. Both were filed after a lapse of more than 5½ years from the original accident."

The Board then ruled:

"The facts and circumstances upon which decedent's widow relies for recovery under subdivision (C) of Section 72-1414 must be such that decedent, had he survived, could have himself sought and obtained recovery under subdivision (B) of said section."

I.C., section 72-1423 reads:

"All claims against said fund shall be filed with the industrial accident board of the state of Idaho in as nearly as practicable the same manner that claims under the Workmen's Compensation Law of the state of Idaho are filed, and the said industrial accident board is hereby given jurisdiction to entertain and pass upon said claims, allow or deny claims and make awards, and the provisions of the Workmen's Compensation Law of the state of Idaho relative to process, hearings and appeals are hereby made applicable to the provisions of this act, and said industrial accident board is hereby given power and authority to make rules and regulations governing procedure in relation to said claims."

I.C., sec. 72-1423 relates only to procedure, i. e., the filing, hearing and determination of claims against the Firemen's Retirement Fund, with the provisions of the Workmen's Compensation Law, "relative to process, hearings and appeals," made applicable. Such section of the statute, while it presupposes the necessity of making a claim for filing and determination, 40 Am. Jur., Pensions, sec. 38, p. 990, does not relate to the substantive right to make the claim, thereby to claim benefits under the Fund. Obviously, a paid fireman, retired or incapacitated, may either claim benefits under the Fund, or abandon that right by his failure to make a claim.

Additionally, I.C., sec. 72-1414(C) grants unto the decedent paid fireman's surviving widow the right to claim death benefits under the Firemen's Retirement Fund, only in the event her husband is killed, or sustains injury from which his death results, while in performance of his duty. That right of the widow, does not and cannot exist during the lifetime of her husband,

and cannot come into existence until his death occurs, nor unless the surviving widow exercises her right to claim those benefits by making and filing a proper claim in the premises. Both claims, i. e., the fireman's claim and his surviving widow's claim, cannot exist concurrently, since the rights under each claim exist at different times, independent and separate, the one from the other. The lack of privity between the paid fireman, on the one hand, and the surviving widow, on the other hand, in respect to each respective right to benefits under said Fund becomes clear in view of each such distinct and separate right created and the distinct and separate nature of each such claim.

■ The right of a widow to pension benefits, under a statute providing for pensions, vests upon the happening of the contingency specified in the statute, that is, the death of the employee or former employee. Vero v. Sacramento City Employees' R. System, 1940, 41 Cal.App.2d 482, 107 P.2d 82; Chaney v. Los Angeles County P. Officer's R. Board, 1943, 59 Cal.App.2d 413, 138 P.2d 735; English v. City of Long Beach, 1954, 126 Cal.App.2d 414, 272 P.2d 875; State ex rel. Warren v. City of Miami, 1943, 153 Fla. 644, 15 So.2d 449; Hollis v. Jones, 1937, 184 Ga. 273, 191 S.E. 127; West v. Anderson, 1939, 187 Ga. 587, 1 S.E.2d 671; Arnold v. Browning, 1943, 294 Ky. 164, 171 S.W.2d 239; Meyer v. Board of Trustees of F. Pension & R. Fund, 1942, 199 La. 633, 6 So.2d 713; State ex rel. Bartelt v. Thompson, 246 Wis. 11, 16 N.W.2d 420, appeal dismissed 324 U.S. 828, 65 S.Ct. 868, 89 L.Ed. 1395.

■ The test of res judicata is the identity of the rights sued for, the identity of the cause of action, and the identity of the parties. Neil v. Hyde, 32 Idaho 576, 585, 186 P. 710; Evans v. Davidson, 57 Idaho 548, 67 P.2d 83; Linder v. City of Payette, 64 Idaho 656, 135 P.2d 440. No one of those tests can be applied successfully in the case here.

■ The doctrine of res judicata has no application to appellant's claim for death benefits under the Firemen's Retirement Fund.

In regard to respondent's plea of the statute of limitations, I.C., secs. 72–407, 72–607 and 72–608 contained in the Workmen's Compensation Law, the Industrial Accident Board ruled, by virtue of the provisions of I.C., sec. 72–1423 relating to claims, process, hearing, and appeals, that said sections of the statute so pleaded by respondents are by reference a part of the Firemen's Retirement Act.

■ Such ruling appears correct as to I.C., sec. 72–608 which provides that in workmen's compensation proceedings an appeal from an award must be taken to this Court within 30 days after a copy of the award has been sent to the parties. Idaho Const., Art. V, § 9. However, such

section of the statute has no application in the case here, since, first, Branson's failure to appeal from the Board's decision of May 29, 1954, in Workmen's Compensation Case No. 248852, which, the Board held, inferentially involved his Firemen's Retirement Fund claim, did not render res judicata appellant widow's claim which came into existence upon Branson's death; and second, appellant perfected her pending appeal within said time limit.

The Board, while it ruled I.C., secs. 72–407 and 72–607 are, by reference in I.C., sec. 72–1423 to "claims", made a part of the Firemen's Retirement Act, did not rule that either section of the statute barred appellant's claim. The Board merely ruled that death benefits are not payable to Branson's dependents because his death occurred approximately six and one-half years after June 29, 1947, the date of the accident.

█ We deem it unnecessary to determine in this proceeding whether I.C., secs. 72–407 and 72–607 in workmen's compensation matters are made a part of the Firemen's Retirement Act by the reference in. I.C., sec. 72–1423 to "claims"; for neither section could operate in bar to appellant's claim for death benefits, even though a part of the Firemen's Retirement Act, as hereinafter shown.

A portion of I.C., sec. 72–407 provides that where payments of compensation have been made and discontinued a claimant shall have four years within which to petition the Board for a hearing demanding further compensation. Such portion could have no application herein since respondent never paid any benefit to appellant on her claim made against the Firemen's Retirement Fund.

A further portion of I.C., sec. 72–407 provides that where claim for compensation has been made and no compensation paid thereon, a claimant shall have one year from the date of making claim within which to petition the Board for a hearing on the claim. Such latterly mentioned portion of the statute could have no application herein because appellant filed her claim for death benefits under the Firemen's Retirement Fund August 7, 1954 with the Board. She filed her petition for hearing the claim September 7, 1954, with the Board, within one year from the date of making the claim, and respondent has never paid any sum under the claim.

I.C., sec. 72–607 provides that a workmen's compensation claimant seeking modification of an award on the ground of change in condition must file the application with the Board within four years of the date of the accident causing the injury. Neither appellant's claim against the Firemen's Retirement Fund nor her petition for hearing the claim constitute an application for modification of a previous award in her favor.

Respondent has failed to plead any statute of limitations, if such there be, in bar of appellant's claim for benefits under the Firemen's Retirement Fund. The defense of the statute of limitations may be waived by failure to interpose it. Paull v. Preston Theatres Corporation, 63 Idaho 594, 124 P.2d 562; Rivera v. Johnston, 71 Idaho 70, 225 P.2d 858; Dunn v. Silver Dollar Min. Co., 71 Idaho 398, 233 P.2d 411; Arnold v. Claude Lacey & Son, 73 Idaho 1, 245 P.2d 398.

The remaining question for determination is whether Branson's death resulted from the accidental injury of his right knee June 29, 1947.

The record shows and the Board found that a giant-cell tumor developed at the site of the knee injury for which Branson received treatment until through the year 1950; early in 1951 the knee was operated by "curettement of the bone cyst and inlay bone graft." He appeared improved at the time he returned to work the midsummer of 1951, but, as the Board found, "Branson continued to have some trouble, particularly with drainage from his surgical wound. His trouble increased in the middle of 1952." During November, 1952, he had another bone graft operation in the region of his original injury.

During February, 1953, malignancy was discovered on laboratory tests, diagnosed as cancer, from which sundry complications developed resulting in his death December 30, 1953. The direct cause of his death was attributed to generalized sarcomatosis, a generalized spread of cancer through his system.

The Industrial Accident Board's Finding, supported by competent and substantial undisputed evidence, reads:

"The cancer which was the direct cause of Branson's death developed at the site of his accidental injury, where six months after the accident a benign giant cell tumor was diagnosed. * * * the accident of June 29, 1947, was in all probability an antecedent cause of Branson's cancer and of his death 6½ years after the accident."

The Board then ruled:

"The direct cause of Branson's death on December 30, 1953, was cancer, * * * at the site of his accidental injury on June 29, 1947, and where within six months after the accident a benign giant-cell tumor had developed. Claimant herein has shown by a preponderance of the evidence to a reasonable degree of probability that Branson's accidental injury of June 29, 1947, was an antecedent cause of his cancerous condition and of his ultimate death on December 30, 1953."

The general rule is, that the only requirement necessary to establish the dependents' right to a pension is a showing of causal connection between the injury and the death. In the case of Biegel v.

Village of North Hills, 185 Misc. 131, 57 N.Y.S.2d 412, 414, the rule is stated:

"Where there is a direct, causal connection between the injury and the death, even in cases where the decedent was suffering from a serious disease, which injury accelerated or aggravated the condition, the widow and children can recover."

To the same effect see: Dryden v. Board of Pension Com'rs, 1936, 6 Cal.2d 575, 59 P.2d 104; Bradley v. City of Los Angeles, 1942, 55 Cal.App.2d 592, 131 P.2d 391; Faber v. Board of Pension Com'rs of City of L. A., 1943, 56 Cal.App.2d 825, 133 P.2d 404; Lundrigan v. City of Los Angeles, 1947, 82 Cal.App.2d 238, 186 P.2d 12; Rogers v. Retirement Board, 1952, 109 Cal.App.2d 751, 241 P.2d 611; Smith v. Essex County Park Commission, 1933, 110 N.J.L. 206, 164 A. 395.

The order of the Industrial Accident Board is reversed and the cause remanded to the Board with instructions to enter an award in favor of appellant in accordance with the views herein expressed. Costs to appellant.

PORTER, TAYLOR and McQUADE, JJ., concur.

KEETON, Chief Justice (dissenting).

On July 2, 1947, deceased Branson filed a claim with the Industrial Accident Board in which he stated that on June 29, 1947, while employed as a fireman, he bumped his knee on the door of a truck while entering to respond to a fire alarm. The injury was apparently not considered serious as he continued to work until January 15, 1948. Complications developed and thereafter in a proceedings had before the Board and agreements entered into between the deceased, employer and surety, he was paid compensation from January 15, 1948 to July 25, 1951 in the sum of $3312, and for partial permanent disability, $641.52, and additionally, doctor and hospital bills, $1260.50. In June, 1952, deceased entered into an agreement with the City of Pocatello and the Firemen's Retirement Fund for additional payment of $488.15, and at that time deceased agreed that the amounts paid were accepted as full and complete satisfaction of all claims growing out of the accident.

In March, 1952, deceased was found to be surgically healed. He was employed by the City of Pocatello as a fireman from March 2, 1952 to August 31, 1952, and earned $1581.31. During 1951, 1952 and 1953, while not employed as a fireman, he was employed as deputy sheriff of Bannock County and earned $5915.48. His employment as deputy sheriff ceased November 7, 1953. At a subsequent further hearing had before the Board on December 3, 1953, the Board disallowed further compensation from which no appeal was taken. Branson died in December, 1953. In September, 1954, his widow petitioned the

Board to recover from the Firemen's Retirement Fund death benefits claiming that during the year 1952, while deceased was employed by the City of Pocatello as a paid fireman, the injury of June 29, 1947 was so aggravated by activities required in the line of duty as to cause the death of deceased. In an answer the Fund denied the material allegations of the petition and in an affirmative defense alleges that the matters complained of are res judicata; that the claim is barred by the statute of limitations, namely, Secs. 72–407, 72–607 and 72–608, I.C. By order entered October 18, 1955, the Board denied the claim.

At the hearing before the Board, Dr. Arch Wigle, attending physician was called as a witness. He testified that he had attended deceased subsequent to the injury of 1947; that deceased was surgically healed from the injury in 1952; that in the fall of 1952 he was again called and found an acute inflammation of the knee which he had previously found surgically healed and that deceased told him he had injured his knee on a ladder. The inflammation or cellulitis found by the doctor was, in his opinion, caused by deceased's occupation. On February 27, 1953, the doctor found that deceased was suffering from cancer. His leg was amputated above the knee and deceased was discharged from the hospital July 9, 1953, and later returned to work. The doctor then made the following qualified statement: "I feel the cancer here can definitely be related, so far as my clinical records indicate for the time I had been treating him since 1947". As to the cause of death, the doctor testified: "I felt it was generalized sarcomatosis,—generalized spread of cancer through the system", and

"Q. I understand you have just testified you do not know what causes cancer? A. That is correct.

"Q. And then following that you would not know what caused Mr. Branson's generalized sarcomatosis? A. Well if you want to pin me to that question, I think you should let me qualify it.

"Q. I would like to have you answer that question first, Doctor. A. *I can't answer it yes or no, unfortunately.*

"Q. Do you mean to say you do not know, in your own mind, what caused it? You can't answer the question as to whether you know? A. *I can give you at least thirty different things that reputedly cause cancer and injury is one, x-ray radiation and accident.*

"Q. Has that been proven? A. Indeed it has. When you ask me can I give you the cause of cancer *I have to qualify in that way since there is no known single cause of cancer.*

"Q. Do I understand your testimony here to be that Mr. Branson had an injury in 1947 and there was no malignancy appeared until 1953 in February,

that it is your testimony that that is what caused the cancer, is that correct?
A. That is correct."
(Emphasis supplied.)

No other medical testimony was introduced.

In my opinion, viewed in the light most favorable to claimant, there was no causal connection shown by the evidence between the knee injury in 1947 and the death in 1953.

The claim is based on Sec. 72–1414, subd. (C), I.C.:

"In event a paid fireman is killed or sustains injury, from which death results, while in performance of his duty, and leaves surviving him a widow, his widow shall, during the time she remains his widow and does not remarry, be paid from the said fund the monthly sum of ninety-five dollars * * *."

In the present situation the deceased during his lifetime recovered all sums payable under the Workmen's Compensation Act and the Firemen's Retirement Fund.

The petition for hearing was evidently based on the theory that deceased suffered an accident while employed as a fireman in 1952. Paragraph III of the petition reads:

"That during the year 1952 and while employed by the City of Pocatello as a 'paid fireman' the above-mentioned injury was so aggravated by activities required in the line of duty as to cause the death of said deceased."

The doctor in his testimony testified that the injury and the work which deceased was doing were related.

I would affirm the order of the Board. Claimant failed to sustain the burden of proof to show the deceased sustained an injury from which death resulted. He died from a common ailment; six and one-half years elapsed after the injury until the time of his death in 1953. No cancerous condition was discovered for more than five years after the alleged injury and the doctor who attended deceased reported him as surgically healed in 1952.

The finding of the Board: "the accident of June 29, 1947 was in all probability an antecedent cause of Branson's cancer and of his death 6½ years after the accident. * * *" is based on a qualified, contradictory opinion of one doctor and not sustainable by the evidence.

I am also of the opinion that the time for presenting claims against the Firemen's Retirement Fund is covered by the statute of limitations contained in the Workmen's Compensation Law. The Firemen's Retirement Act does not and was never intended to cover a death occurring six and one-half years after an accident. If a fireman were killed on the job, or died the result of an injury within two years after the accident, Sec. 72–301, I.C., his widow and dependents, under conditions prescribed, are entitled to an award, not otherwise.

It is inconceivable that the Legislature did not intend any time limit to apply to

death benefits under the provisions of Sec. 72–1414(C), I.C. and it is apparent that the Legislature intended that a death benefit claim against the Firemen's Retirement Fund must be filed with the Industrial Accident Board within the time prescribed by the Workmen's Compensation Law, Secs. 72–407, 72–607 and 72–608, I.C., and that the death of the injured fireman must occur within two years subsequent to the accident, Sec. 72–301 and Sec. 72–1423, I.C.

As the record does not show a right of recovery, and because the claim is barred by the statute of limitations, the order should be affirmed.