Patricia Dyer PETERSON and Constance Preble, Plaintiffs-Appellants,

v.

FIRE AND POLICE PENSION ASSOCIATION, Police Pension Relief Board, Mike Licht, Auditor, and the City and County of Denver, Defendants-Appellees.

No. 85CA1000.

Colorado Court of Appeals, Div. I.

May 22, 1986.

Rehearing Denied June 26, 1986.

Certiorari Granted (Peterson) Sept. 29, 1986.

Brauer & Buescher, P.C., Ellen M. Kelman, Thomas B. Buescher, Denver, for plaintiffs-appellants.

Tallmadge, Tallmadge, Wallace & Hahn, P.C., C. Thomas Bastien, John W. Smith, III, Denver, for defendant-appellee Fire and Police Pension Ass'n.

Stephen H. Kaplan, City Atty., Darlene M. Ebert, Asst. City Atty., Denver, for defendants-appellees Police Pension Relief Bd., Mike Licht, Auditor, and City and County of Denver.

KELLY, Judge.

Plaintiffs, Patricia Peterson and Constance Preble, appeal the judgment of the

trial court dismissing their action against the Fire and Police Pension Association (Association), the Police Pension and Relief Board (Board), Mike Licht as Auditor of the City and County of Denver, and the City and County of Denver, in which they sought a declaratory judgment that they are entitled to survivors' benefits not only under § 31–30–1001, et seq., C.R.S. (1985 Cum.Supp.) (State Plan) but also under the Denver City Charter. Alternatively, they sought a declaration that the State Plan is unconstitutional as applied to them, and as such, does not preempt their benefits under the Denver Charter. Plaintiffs here contend that the trial court erred, first, in holding that plaintiffs are not entitled to both sets of benefits, and second, in ruling that the Board's application of the State Plan is constitutional as applied to them, entitling them only to benefits under the State Plan. We affirm.

Plaintiffs are both widows of officers of the Denver Police Department. At the time their husbands were hired, the Denver City Charter provided for benefits to be paid to surviving spouses of any member of the police department in the amount of one-third of the salary "then or thereafter paid to active members of the department for services in the rank held by such member" at the time of his death. Denver City Charter C5.42. The State Plan does not contain such a "rank escalator" provision, and both plaintiffs would receive substantially lower benefits under the State Plan than under the Denver City Charter. *See* § 31–30–1008, C.R.S. (1985 Cum.Supp.).

Plaintiffs' husbands died after the effective date of the State Plan. Plaintiffs applied to the Association for benefits pursuant to the State Plan and for benefits pursuant to the Denver City Charter. The Association approved benefits under the State Plan only, and plaintiffs have since been receiving benefits thereunder.

### I.

Relying upon the Denver City Charter C5.43–6 which provides that benefits under the Charter shall be in addition to, and not in lieu of, benefits that may be provided by any state compensation act, plaintiffs contend that they are entitled to survivors' benefits under both the State Plan and the Denver City Charter. We disagree, and hold that the provisions of the State Plan preempt those of the Denver Charter.

The general assembly, in pervasive legislation, sought to relieve municipalities of some of the costs of providing pension plan benefits. Section 31–30–1001, C.R.S. (1985 Cum.Supp.). With regard to death and disability benefits specifically, the moneys thereby provided to municipalities constitute a continuing obligation of the State to participate in the normal costs of pension plan benefits. *See* § 31–30–1001. It is evident from the statutory scheme that the intention of the general assembly in enacting the State Plan was to preempt the benefits provided to plaintiffs under the Denver City Charter; it was not the intention of the general assembly to pay state benefits in addition to the Denver City Charter benefits. The payment of State Plan benefits in addition to those provided by the Denver City Charter would disserve the basic purpose of the legislation which is to relieve communities of the intolerable financial burdens they would otherwise face in connection with their pension plans.

The general assembly has prescribed that statutes shall be liberally construed in order that the true legislative intent may be carried out. Section 2–4–212, C.R.S. Moreover, our interpretation is buttressed by the mandate that the public interest must be favored over any private interest. Section 2–4–201, C.R.S. Accordingly, we hold that plaintiffs are not entitled to benefits under the Denver City Charter in addition to those provided by the State Plan.

### II.

The plaintiffs contend alternatively that, if they are not entitled to recover dual benefits, they are at least entitled to the greater benefits available under the Den-

ver City Charter. Relying on Colo. Const. art. II, § 11; *Police Pension & Relief Board v. McPhail*, 139 Colo. 330, 338 P.2d 694 (1959); and *Police Pension & Relief Board v. Bills*, 148 Colo. 383, 366 P.2d 581 (1961), the plaintiffs insist that they are suing to enforce their *husbands'* rights under the Denver City Charter which had vested prior to the adoption of the State Plan, and that the State Plan constitutes an unconstitutional impairment of the obligation of contracts as applied to the plaintiffs. They are not suing, they argue, to enforce their *own* survivors' rights which admittedly did not vest under the Denver City Charter until after the effective date of the State Plan.

If the enforcement of their deceased husbands' rights is indeed the thrust of the plaintiffs' case, they have given no reliable indication of it in their treatment of this lawsuit. Although the plaintiffs argued this theory strenuously in the trial court, as they do here, the pleadings do not reflect this theory of recovery, and it is by no means clear that the rights of the deceased officers under the Denver City Charter would survive after the officers' deaths. *See* § 13–20–101, C.R.S.; *Dohaish v. Tooley*, 670 F.2d 934 (10th Cir.1982), *cert. denied*, 459 U.S. 826, 103 S.Ct. 60, 74 L.Ed.2d 63. We express no opinion on this issue. However, even if we assume the survival of actions which may have accrued prior to the deaths of the officers, it is the personal representatives of the officers, in their representative capacities, who are the proper parties to bring such an action. Section 15–12–703(4), C.R.S.

■ The plaintiffs here have not sued as their husbands' personal representatives, and they cannot prevail by asserting a theory of recovery which they do not have the standing to pursue. *See Community Tele-Communications, Inc. v. Heather Corp.*, 677 P.2d 330 (Colo.1984); *Beacom v. Board of County Commissioners*, 657 P.2d 440 (Colo.1983); *Farmers Elevator Co. v. First National Bank*, 176 Colo. 168, 489 P.2d 318 (1971); § 13–51–106, C.R.S. The facts to support standing to sue must be alleged,

*see Buck v. Fischer*, 2 Colo. 709 (1875), and it is not enough for the plaintiffs to allege that they are the decedents' widows. *See* § 15–12–301, C.R.S. Accordingly, the plaintiffs do not have standing as their husbands' personal representatives. Again, we express no opinion on the question whether they could recover had they proceeded in this manner.

■ If the plaintiffs are to recover any benefits at all under the Denver City Charter, it must be pursuant to a theory of entitlement to survivors' benefits under the Charter. When this theory is asserted, it is generally held that the right to receive survivors' benefits under a governmental pension plan vests in the survivor upon the death of the employee. Annot., 52 A.L. R.2d 437 (1957); *Webb v. Whitley*, 114 Ga. App. 153, 150 S.E.2d 261 (1966); *Branson v. Firemen's Retirement Fund*, 79 Idaho 167, 312 P.2d 1037 (1957); *McCarthy v. City of Oakland*, 60 Cal.App.2d 546, 141 P.2d 4 (1943); *see also In re Marriage of Ward*, 657 P.2d 979 (Colo.App.1982). Although the trial court did not explicitly rule on this issue, it is clear from its order that its ruling is based on the conclusion that the plaintiffs were seeking to enforce their own rights and not those of their husbands. We agree with this interpretation of the nature of the plaintiffs' case.

■ Since the survivors' rights vested after the effective date of the State Plan, constitutional issues concerning the impairment of the obligation of contracts are not implicated. Hence, the trial court ruled correctly that the plaintiffs are entitled to survivors' benefits under the State Plan only, and dismissal of their complaint was proper.

In view of our conclusions, it is not necessary to address plaintiffs' other assignments of error.

The judgment of the trial court is affirmed.

ENOCH, C.J., and BABCOCK, J., concur.