WEST, trustee, *et al. v.* ANDERSON.

No. 12509. January 12, 1939. Rehearing denied February 18, 1939.

588

*J. C. Savage, C. S. Winn, Bond Almand,* and *J. C. Murphy,* for plaintiff in error.

*Hirsch & Smith, Welborn B. Cody,* and *Edward L. Cody,* contra.

JENKINS, Justice. 1. "A constitutional act of the legislature is equivalent to a contract, and when performed, is a contract executed; and whatever rights are thereby created, a subsequent legislature cannot impair." *Winter* v. *Jones,* 10 *Ga.* 190 (5) (54 Am. D. 379) ; *Herrington* v. *Godbee,* 157 *Ga.* 343, 347 (121 S. E. 312), and cit.

2. Under the rulings in *Trotzier* v. *McElroy,* 182 *Ga.* 719 (186 S. E. 817), the act of March 28, 1935 (Ga. L. 1935, p. 450), which sought to reduce "pensions" payable to retired firemen of Atlanta, their widows, and other beneficiaries, by virtue of the act of August 13, 1924 (Ga. L. 1924, p. 167), as amended by the act of August 24, 1931 (Ga. L. 1931, pp. 223, 226, 227), these "pensions" were not mere gratuities, but "the prior acts created a contract to create a fund to which the fireman is required to contribute." "For this reason," it was held in that case that "section 4 of the act of 1935, supra [reducing the amounts of 'pensions'], is violative of art. 1, sec. 10, par. 1, of the constitution of the United States [Code, § 1-134], which forbids any State to pass any ex post facto law or law impairing the obligation of a contract, and therefore it is void."

In *West* v. *Trotzier*, 185 *Ga.* 794 (196 S. E. 902), the ruling in the first *Trotzier* case was followed, and the acts of 1924 and 1931 were held valid against a constitutional attack. In *Hollis* v. *Jones*, 184 *Ga.* 273 (191 S. E. 127), involving similar acts relating to Atlanta policemen, the decision in the first *Trotzier* case was extended and made applicable to a widow of a policeman, where, after his death, and before the enactment reducing the amount of "pension," the widow had been receiving the "pension" provided by the previous acts. The instant case does not involve any question of sufficiency of the fund to pay the "pension," as in *Hollis* v. *Jones*, 187 *Ga.* 14 (199 S. E. 203). The present case differs from the others cited only in the fact that here the retired fireman, who was drawing the pension when the act of 1935 was passed, was not the plaintiff, as in the first *Trotzier* case, nor had the widow here commenced to receive the payments before the act reducing the amount, as in the *West* and the first *Hollis* cases. We now hold that where, before the act of 1935, reducing the amounts of "pensions," an Atlanta fireman had been retired in 1932, and was receiving a "pension" of $100 a month under the prior acts up to the time of his death in 1937, and where, during the period of such payments and at the time of his death, he had a wife, such widow, even though she had not yet drawn the "pension" at the time of the act of 1935, and was not entitled thereto until after the death of the husband, nevertheless had such a vested right as, by virtue of art. 1, sec. 10, par. 1, of the constitution of the United States (Code, § 1-134), and art. 1, sec. 3, par. 2, of the constitution of the State (Code, § 2-302), could not be altered by the later act. Such a right was not merely contingent, but was more analogous to a vested remainder or salable interest, subject to be divested and to go to other beneficiaries upon her dying or remarrying before receiving payments. See, in this connection, as to vested remainders: Code, §§ 85-703, 85-708; *McDonald* v. *Taylor*, 107 *Ga.* 43 (32 S. E. 879); *Lumpkin* v. *Patterson*, 170 *Ga.* 94 (5) (152 S. E. 448); *Chewning* v. *Shumate*, 106 *Ga.* 751 (32 S. E. 544); *Doe* v. *Newlon*, 171 *Ga.* 418 (3) (156 S. E. 25); *Melton* v. *Camp*, 121 *Ga.*, 693, 695 (49 S. E. 690); *Smith* v. *Frost*, 144 *Ga.* 115 (86 S. E. 235); *Speer* v. *Roach*, 145 *Ga.* 852 (90 S. E. 57). See, as to salable and assignable rights and interests: Code, §§ 29-103, 85-1803, 85-1804, 85-1805, 96-102; *Wilcoxon* v. *Harrison*, 32 *Ga.* 480 (3); *Isler* v. *Griffin*,

134 *Ga.* 192 (4), 195 (67 S. E. 854) ; *Hill* v. *O'Bryan,* 104 *Ga.* 137 (2), 142 (30 S. E. 996), and cit.; *Rosenberg* v. *Phelps,* 159 *Ga.* 607 (3), 609 (126 S. E. 788) ; *Brown Guano Co.* v. *Bridges,* 34 *Ga. App.* 652, 656 (130 S. E. 695).

3. Under the preceding rulings, the court properly granted a mandamus absolute in favor of the widow of the deceased pensioner.

*Judgment affirmed. All the Justices concur.*