### 32267. PHILLIPS, Commissioner, v. J. L. PEED COMPANY.

DECIDED JANUARY 21, 1949.

*Clifford Walker, J. Benton Evans,* for plaintiff.

*Thomas E. Sikes, Paul Blanchard,* for defendant.

PARKER, J.   The Unemployment Compensation Law was enacted in an act approved March 29, 1937 (Ga. L. 1937, p. 806). Contributions and payments required of each employer under Section 7 of the act for 1938 and thereafter was 2.7 per centum. An amending act approved March 21, 1941 (Ga. L. 1941, p. 532) retained the standard rate of contributions payable by each em-

ployer at 2.7 per centum, but provided for reductions and variations from the standard rate by classifying employers in accordance with their actual experience in the payment of contributions, with a view to fixing such contribution rates as would reflect the benefit experience of employees. Section 1 of another act approved March 20, 1943 (Ga. L. 1943, p. 613) amended the original act as amended by adding to section 7 the following: "Provided, however, that any corporation, partnership, individual or other legal entity, who acquires by purchase, merger, consolidation, or other means, substantially all of the business or assets thereof, of any employer and who thereafter continues such acquired business shall be deemed to be a successor to the predecessor from whom such business was acquired for purposes of section 7 of this act, and, if not already an employer prior to such acquisition, shall become an employer on the date of such acquisition. The successor shall succeed to the employment benefit experience record of the predecessor. . ." Section 2 provides that "The provisions of this act shall apply to all contributions payable by a successor, regardless of whether or not such successor acquired the business, or assets thereof, from his predecessor prior or subsequent to the effective date of this act," and section 3 that: "As regards the rates of contribution, the provisions of this act shall become effective as of January 1, 1942, and shall apply to all contributions thereafter payable by an employer affected hereby, as respects business previously or thereafter acquired; however, neither this section, nor any other section of this act, shall be construed to authorize or require the refund of any sum lawfully paid into the trust fund created by section 9 (a) of the original act, or to otherwise use any of the same except to pay compensation benefits." These several acts are found in Ch. 54-6 of the Code (Ann. Supp.), and particularly in § 54-622.

It appears from the stipulations that the partnership operated from December, 1940, until May, 1944, and "was conducted with virtually the same employees as prior to said date, and that the partnership succeeded to the entire individual interest of J. L. Peed Company while being conducted by J. L. Peed individually; (and) that on the 1st day of January, 1942, J. L. Peed Company (which was then the partnership) had an experience benefit record of 1.5 percent." Under the facts stipulated, as well as under

the amending act of March 20, 1943, it seems clear that the partnership successor acquired the experience benefit rate of 1.5 percent, on or before January 1, 1942, and that this was the contribution rate applicable to the partnership and for which it was subject during 1942 and the first quarter of 1943, the period for which the additional contribution is claimed. The failure of the defendants to give notice of the formation of the partnership to the proper agency of the Department of Labor, in the absence of some law or regulation of the agency providing for such notice, does not require a different ruling. Nor does the provision in the amending act that it shall not be construed to authorize or require the refund of any sum lawfully paid into the trust fund demand a different holding. The case of *Schwob Mfg. Co.* v. *Huiet,* 69 *Ga. App.* 285 (25 S. E. 2d, 149), was decided before the passage of the amending act which we think controls this case; and the ruling therein is not applicable here.

The amending act of March 20, 1943, became effective on the date it provided it would become effective, which was January 1, 1942, unless it is invalid for some apparent reason. It was not attacked in the trial court as being unconstitutional, and it can not now be attacked for the first time on that ground. *Smith* v. *Macon,* 202 *Ga.* 68 (42 S. E. 2d, 128). Counsel for the plaintiff contend that it should not be construed as having a retroactive aspect and effect because the legislature did not so intend. We must accept what the act says in plain words as to what the legislature intended, and we can not hold that the legislature did not mean what it said. Furthermore, "this court has definitely settled the law to be that our Constitution forbids the passage of only those retroactive, or rather retrospective, laws which injuriously affect the vested rights of citizens." *Bullard* v. *Holman,* 184 *Ga.* 788, 792 (193 S. E. 586, 113 A. L. R. 763); *Darby* v. *Cook,* 201 *Ga.* 309 (39 S. E. 2d, 665). Obviously the act did not injuriously affect the vested rights of citizens by making it effective January 1, 1942.

We think it is apparent from the reading of the stipulations, which comprise all of the evidence except the fi. fa., that the material allegations of the affidavit of illegality were sustained and that the court did not err in finding in favor of the illegality.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*