BENDER *v.* ANGLIN *et al.,* trustees.

No. 17043.   June 12, 1950.   Rehearing denied July 13, 1950.

*Harold Sheats* and *Guy Parker,* for plaintiff.

*J. C. Savage, J. C. Murphy, J. M. B. Bloodworth, John E. Feagin,* and *Henry L. Bowden,* for defendant.

DUCKWORTH, Chief Justice. On the subject of pensions, in 40 Am. Jur., 981, § 24, it is said: "The unquestioned general rule is that a pension granted by the public authorities is not a contractual obligation but a gratuitous allowance, in the continuance of which the pensioner has no vested right, and that a pension is accordingly terminable at the will of the grantor, either in whole or in part." This general rule is applicable to gratuities as distinguished from grants for a consideration. It controls in those cases where the laws providing therefor are so construed as to hold that the pensioner pays no consideration for the grant received under such plan. Pennie *v.* Reis, 132 U. S. 464 (10 Sup. Ct. 149, 33 L. ed. 426); Frisbie *v.* United States, 157 U. S. 160 (15 Sup. Ct. 586, 39 L. ed. 657); Lynch *v.* United States, 292 U. S. 571 (54 Sup. Ct. 840, 78 L. ed. 1434). See also 54 A. L. R. 943; 112 A. L. R. 1009. It would be an unjustified distortion of this general rule to apply it in cases where the laws providing for retirement and disability compensation are construed to require the recipients of such benefits to make valuable contributions as consideration for the benefits to be received.

There is an exception to the general rule denying any vested right in gratuitous pensions, which is: where any particular payment under a pension plan has become due, the pensioner has a vested right to such due payment. 54 A. L. R. 945; 112 A. L. R. 1010. It is well at this point to emphasize that this exception applies to payments that have accrued and to them only, and it does not purport to confer vested rights to future payments that have not accrued, which would constitute a violation of the general rule above quoted. But if the pension law is still in effect when a payment under terms of that law becomes due the pensioner, he thereby acquires a vested right in such payment because it accrues to him under a law then in effect and not because of any consideration flowing from the pensioner that binds the government to pay him anything. This could not be said of future payments that have never accrued when the law is amended or repealed. A well-reasoned opinion by the Texas court, sustaining this statement is found in City of Dallas *v.* Trammell, 129 Texas 150 (101 S. W. 2d, 1009, 112 A. L. R. 997). It is possible that this court in *Trotzier* v. *McElroy,* 182 *Ga.* 719 (186 S. E. 817), and again in *West* v. *Anderson,* 187 *Ga.* 587 (1 S. E. 2d, 671), misunderstood this rule, for in the former decision it is declared in the last paragraph of the opinion that the ruling there made is restricted to a holding that the pension is due only where the contingency provided for occurred before a change in the statute under authority of which the pension was to be paid.

This court in *Trotzier* v. *McElroy,* 182 *Ga.* 719 (supra), had under consideration a case arising under the same law that is involved in the present case. It was necessary for the court to there construe this law, and in the opinion it is pointed out that counsel for the City of Atlanta has argued strongly that the city is a creature of the State; that its charter may be changed at the will of the State; that its prime functions are to perform governmental duties on behalf of the State; that the city can do nothing without authority from the State; that, if the legislature has imposed burdens upon the city which cannot be supported by the taxpayers, the legislature can remove those burdens by subsequent legislation; that there was no obligation on the city to pay pensions to the employees; and that the only way the city

could pay a pensioner was by legislative permission. To all of these contentions this court said, "Conceding the force of this argument, we are of the opinion that the better view of the subject is to treat the city's agreement to pay a pension as a contract based on considerations flowing from both parties, and giving the plaintiff in error a vested right which, under art. I, sec. 10, par. 1, of the Constitution of the United States (Code, § 1-134) can not be impaired." Thus it is seen that this court there expressly held that, under the law with which we are now dealing, the agreement to pay pensions was a contract supported by consideration flowing from each of the contracting parties. Having thus held, there was present for decision, not a case of a gratuitous pension, but a right under a contract that was sup-, ported by a consideration which, as pointed out in the opinion, was protected by the Constitution of the United States. Such a contract is protected by the Constitution of this State, art. I, sec. III, par. II (Code, Ann., § 2-302; Ga. L. 1945, p. 14), which declares that, "No bill of attainder, ex post facto law, retroactive law, or law impairing the obligation of contracts, or making irrevocable grant of special privileges or immunities, shall be passed." Vested rights under the contract come under the protection of the quoted provision of the State Constitution. *West* v. *Anderson,* supra; *Franklin* v. *Mayor &c. of Savannah,* 199 *Ga.* 426 (34 S. E. 2d, 506).

The law providing the pension plan dealt with in Pennie *v.* Reis, supra, was a California statute, and in substance was the same as the law under which the present case is brought. It provided for deductions from salaries of police officers of stated amounts by the agents of the government, which deductions together with other designated funds constituted the fund from which the pensions were to be paid. The court held that, since the deductions never reached the employee, for that reason they were not contributions by the employee, and that, therefore, the benefits offered were gratuities in which the pensioner had no vested right. As pointed out above, this court has placed a different construction upon our law, and has held that a tax upon the salaries of the firemen, therein provided for, constituted a contribution by the fireman, and is a consideration which he pays for the benefits offered under the law. With all deference to the

opinion in the Pennie case and the many decisions of other jurisdictions following that construction, we believe that the construction placed upon our law by this court is the sounder view, and more nearly comports with justice between the government and the citizen. No amount of judicial theorizing can escape the plain fact that the existence of a law which promises benefits upon retirement or injury constitutes an inducement to accept the position of fireman, thereby incurring the risks and hazards which the very nature of the work imposes. Nor do we think it can correctly be said that the provision for taxing the salary prevented the portion of the salary covered by the tax from becoming the property of the fireman. When it was taken and placed in the fund from which the benefits were to be paid, it constituted a contribution by the fireman of a part of the salary which he had earned by his services.

Indeed it is doubtful if the law providing for this pension system could be sustained as being constitutional if it is construed to be a gratuity. The Constitution, art. VII, sec. I, par. II (1) (Code, Ann., § 2-5402; Ga. L. 1945, p. 57), declares that "The General Assembly shall not by vote, resolution or order, grant any donation or gratuity in favor of any person, corporation or association." This constitutional inhibition is applicable to pension systems for municipal employees. 19 R. C. L., 726, par. 33; *DeWitt* v. *Richmond County*, 192 *Ga.* 770 (16 S. E. 2d, 579). In both of the decisions, *Trotzier* v. *McElroy*, supra, and *West* v. *Anderson*, supra, the 1935 act, which is here assailed upon the ground that it offends the contract clauses of the State and Federal Constitutions, was held to be void in those cases where prior to its enactment the fireman had become entitled to a payment of $100 per month as provided by the 1931 amendment, and the 1935 amendment thereafter sought to reduce this amount to $75 a month. It was immaterial, after being held in *Trotzier* v. *McElroy*, supra, that the plan amounted to a contract with consideration flowing from both parties, whether or not any payment had accrued, since the Constitution would forbid legislation impairing the obligations of such a contract.

In the present case, the fireman was not eligible, under the law, to retire when the 1935 amendment was enacted, but he had

been a party to the contract since its inception with the approval of the original law of 1924, and by the contribution of a portion of his salary together with his services he had paid a consideration, which gave him a vested right that was protected by the Constitutions. Consequently the attempt by the 1935 amendment to impair that contract was utterly void. The petition, seeking to recover the difference between $100 a month, which the petitioner was entitled to under the law, and $75 a month, which had been paid him in accordance with the 1935 amendment, which the petitioner attacked upon the ground that it violated the contract clauses of the State and Federal Constitutions, alleged a cause of action; and the court erred in sustaining the general demurrers and in dismissing the petition.

*Judgment reversed. All the Justices concur, except Wyatt and Almand, JJ., who dissent.*

### ON MOTION FOR REHEARING.

The motion urges the following two reasons why the movant contends that a rehearing should be granted: (1) under the 1947 amendment (Ga. L. 1947, p. 717) of the act of 1924 setting up the pension plan and the decision of this court in *Densmore* v. *West*, 206 *Ga*. 531 (57 S. E. 2d, 675), certiorari and not mandamus was the proper remedy for the petitioner; and (2) under the decision in *DeWitt* v. *Richmond County*, 192 *Ga*. 770, the petitioner, not having served 25 years, as required by the act since its effective date, was ineligible to receive benefits thereunder upon his retirement in 1942. It was considered, when the opinion was written, that the controlling law on the questions now urged was so obvious until the consumption of space to discuss the same was not justified, but, in view of the strong insistence of the motion, we will answer the questions presented in the order above stated.

Sec. IV of the act of 1947 relied upon provides for a review by certiorari of only one decision by the trustees, and that decision is one "granting or refusing a pension," the language of the act being: "The decision of said Board of Trustees granting or refusing a pension shall be subject to review by the Superior Court in an action at law, suit in equity, writ of certiorari as provided by general law for such writs. . ." By the plain averments of the petition, which are admitted by the demurrer

and which are nowhere denied in any brief or motion filed in this court by counsel for the city, it is shown that the board of trustees made the decision granting this petitioner a pension in August, 1942. Thus it unmistakably appears that the only decision which the 1947 amendment makes reviewable by certiorari has already been made in favor of the petitioner, has become final and binding upon both parties, and is not subject to review by certiorari or otherwise. While in *Densmore* v. *West,* supra, sec. 2 of the act (Ga. L. 1947, p. 675) therein involved provides that "a majority of the board of trustees ·shall control on all disputed questions, but such decision shall be subject to review by . . writ of certiorari," unquestionably that act makes all disputed questions matters for decision by the trustees and provides for a review of such decisions by the writ of certiorari. In conformity with the plain provisions of that act, this court held, in the case above cited, that, since the review by certiorari was an available remedy, mandamus would be denied and that a ground of the demurrer specifically raising that question should have been sustained.

■ The second complaint is wholly without merit for two reasons, either of which is sufficient. In the first place, as pointed out above, the eligibility of this petitioner was adjudicated by the trustees in August, 1942, and that judgment has become final and binding upon all parties. In the second place, a casual reading of the opinion in *DeWitt* v. *Richmond County,* supra, will reveal that the authorities cited therein on the constitutional question were to the effect that to allow pensions to employees who had retired or terminated their services before the effective date of the pension law, would constitute a gratuity and would be unconstitutional. Upon that authority it was held that the same rule must apply to the act then under construction, and that to construe it to allow the payment of pensions to employees of Richmond County who had made no contribution from their salaries, and whose services were rendered before the pension act became law, would offend the State Constitution. The act there construed provided no funds with which to pay the benefits therein provided except 3% deductions from the salaries of employees to whom the act applied, and the county was expressly prohibited from using county funds for that purpose. We recognized the rule requiring that the act be given a con-

struction that would render it effective rather than ineffective, if its language would permit; and since to construe it to allow pensions to employees who had served 25 years, any portion of which service was rendered before the effective date of the law, could and most likely would render the act inoperative because of insufficient funds with which to pay benefits thereunder, it was, for this reason, held that the act required the full 25 years of service together with the salary contributions therein after the effective date of the law in order to render an employee eligible for retirement. It was quite obvious that to allow the benefits there provided to be payable to an employee who had served 25 years, 22 of which were before the effective date of the act, would have exhausted the pension fund and thus rendered the law ineffective. That reason does not exist in the present case. While the present pension act provides for deductions from salaries and other specific sources of revenue with which to create the pension fund, it is expressly provided in sec. 6 of the 1931 amendment and again in sec. 3 of the 1935 amendment that if the funds thus arising are inadequate for the payment of all benefits thereunder the deficiency shall be made up with funds from the City Treasury. This material and plain distinction between the present law and that dealt with in the case relied upon by counsel shows the inapplicability of that decision in the present case.

The motion for a rehearing is denied.

*All the Justices concur, except Wyatt and Almand, JJ., who dissent.*