Pierce *et al.,* trustees, *v.* Rhodes.

Candler, Justice. C. S. Rhodes brought mandamus against the Trustees of the Firemen's Pension Fund of the City of Atlanta and prayed that they, as such trustees, be compelled to issue vouchers to him for the payment of $1233.26, and that they also be required to enter an order on their minutes showing officially that he, as a retired fireman of 25 years' continuous and uninterrupted service, is legally entitled to a monthly pension of $128.62 during the remainder of his life. Briefly stated, his petition as amended alleges: He became an active member of the Fire Department of the City of Atlanta on October 29, 1906, and served continuously as such until he was retired on March 31, 1945. From the date of the passage and approval of the Firemen's Pension Act of 1924 (Ga. L. 1924, p. 167), he paid into the firemen's pension fund of the City of Atlanta all assessments legally required of him as a fireman. At the date of his retirement he was receiving a monthly salary of $257.24, and under the provisions of the Firemen's Pension Act of 1924, as amended by the act of 1931 (Ga. L. 1931, p. 223), he is legally entitled to a monthly pension of $128.62 during the remainder of his life. Acting and proceeding under the provisions of an act passed by the legislature in 1935 (Ga. L. 1935, p. 450), the Trustees of the Firemen's Pension Fund approved his application for a pension, and have paid him a monthly pension of $75 since April 1, 1945. On February 1, 1951, he applied to the trustees of the pension fund for an adjustment of his pension claim, and demanded that they pay him a monthly pension of $128.62 from the date of his retirement, less $75 per month which he had received as a pension since April 1, 1945. The trustees of the pension fund found and held that he was legally entitled to a pension of $128.62 per month at the time of his retirement; increased his pension to $128.62 per month, for the rest of his life, which is now being paid; and paid him $2520.14 as adjusted payments for the

47 months immediately preceding February 1, 1951, but refused to make like adjusted payments for the remaining period of 23 months which had elapsed since the date of his retirement. The adjusted lump-sum payment so made was paid to and received by him with an understanding between him and the trustees of the pension fund that an acceptance of it would not prejudice his right to assert a claim for the remaining balance. It was also alleged that the pension act of 1935 which amended the original pension act of 1924, as amended by the act of 1931, insofar as it affects the plaintiff's rights as fixed by the previous acts, is null and void because it offends stated provisions of the Georgia Constitution of 1877 and of the Constitution of the United States. The petition was demurred to generally on the grounds that it states no cause of action for any of the relief sought, and shows on its face that the plaintiff's right of action is barred by the statute of limitations, if in law he ever had one. The demurrers were overruled and that judgment is excepted to. Answering the petition as amended, the respondents averred that mandamus absolute should be refused because no legal duty rests upon them to pay the plaintiff a pension in excess of $75 per month; that the plaintiff applied for his pension under the provisions of the amending act of 1935, and is for that reason estopped to assert a claim for the larger amount provided for by the act of 1924, as amended by the act of 1931, and to urge the unconstitutionality of the act of 1935; and that his acceptance, retention, and use of the pension paid him by the respondents is an accord and satisfaction of his pension claim. For reasons which appear in the opinion, it is averred that mandamus absolute, if granted, would be nugatory or fruitless. It is also alleged in the respondents' answer that $100 per month is the maximum amount which they were authorized to pay the plaintiff, and that he has therefore been overpaid $1320.14, and there is a prayer for the recovery of the overpayment. The answer was demurred to and stricken on the ground that it set up no defense, and that judgment is also excepted to. A motion for mandamus absolute was granted, and the respondents excepted. *Held*:

1. To entitle one to the writ of mandamus, it must appear that he has a clear legal right to have performed the particular act which he seeks to have enforced. Code, § 64-101; *Adkins* v. *Bennett,* 138 *Ga.* 118 (74 S. E. 838); *Ward* v. *Drennon,* 201 *Ga.* 605 (1) (40 S. E. 2d, 549). Under the rulings of this court in *Trotzier* v. *McElroy,* 182 *Ga.* 719 (186 S. E. 817), *West* v. *Trotzier,* 185 *Ga.* 794 (196 S. E. 902), and *Bender* v. *Anglin,* 207 *Ga.* 108 (60 S. E. 2d, 756), the allegations of the amended petition in this case clearly show that the plaintiff, as a retired fireman of the City of Atlanta, with a continuous and uninterrupted service of 25 years and more, is legally entitled to a monthly pension from the Board of Trustees of the Firemen's Pension Fund of the City of Atlanta in an amount equal to one-half of his monthly salary at the time of his retirement as such fireman. The motion to review and overrule *Trotzier* v. *McElroy,* supra, is expressly denied.

2. There is no merit in the contention here made that the plaintiff's right to institute mandamus proceedings for the enforcement of his cause was barred by the statute of limitations. The Code, § 3-704, declares:

"All suits for the enforcement of rights accruing to individuals under statutes, acts of incorporation, or by operation of law, shall be brought within 20 years after the right of action shall have accrued." The claim asserted in this case, being for a liability fixed by statute, is one to which the 20-year period of limitation applies. *Wilkinson* v. *Cheatham*, 43 *Ga.* 259; *MacNeill* v. *Steele*, 186 *Ga.* 792 (199 S. E. 99); *Nixon* v. *Nixon*, 196 *Ga.* 148 (26 S. E. 2d, 711).

3. A mandamus will not be made absolute when it is manifest, for any cause, that the writ, if granted, would be nugatory or fruitless. Code, § 64-106; *Smith* v. *Hodgson*, 129 *Ga.* 494 (59 S. E. 272); *Harmon* v. *James*, 200 *Ga.* 742 (38 S. E. 2d, 401). By section 11 of the Firemen's Pension Act of 1924 all moneys collected for the benefit of the firemen's pension fund, either by assessments levied against the monthly salaries of the firemen under section 9 of the act, or by taxes levied and collected annually by the city from fire and lightning insurance companies under section 10 of the act, are kept by the city treasurer and disbursed by him on vouchers signed by the Chairman of the Board of Trustees of the Firemen's Pension Fund. And by section 6 of the amending Firemen's Pension Act of 1931, it is expressly provided: "Should there be on hand insufficient funds to carry out the purposes of this act, such additional funds as are necessary therefor shall be paid out of the treasury of the city." As a reason why mandamus absolute should not be granted in this case, and, if granted, would be nugatory or fruitless, the respondents aver that they have disbursed all funds available for the payment of pensions which accrued during past years, and that they do not have on hand sufficient funds to pay the claim of the plaintiff and others under like circumstances; and that they are informed and believe that the City of Atlanta has disbursed all revenue collected by it during prior years, and may not lawfully assess and collect taxes for the payment of the plaintiff's claim. In this respect the answer does not make an issue of fact, nor does it amount to an averment that the Treasurer of the City of Atlanta would be unable for lack of necessary funds to comply with the judgment here prayed for, if granted. An averment that respondents are informed and believe that a fact exists is a mere statement as to their information and belief, and is not equivalent to a positive averment of the fact itself. A mere statement that the pleader is informed, or is informed and believes, puts in issue only his information and belief, and not the truth or falsity of the facts thus referred to. He must allege the fact on information and belief, and not that he is informed and believes that the fact exists. Courts deal with actualities and not with suppositions. *Ellis* v. *Jones*, 144 *Ga.* 120, 123 (86 S. E. 317); *Nance* v. *Daniel*, 183 *Ga.* 538 (189 S. E. 21); *Bailey* v. *B. F. Coggins &c. Industries*, 192 *Ga.* 72 (14 S. E. 2d, 568). See also 10 R. C. L. 414, § 169. To this extent the answer was subject to general demurrer.

4. Under the peculiar facts of this case it is unnecessary for us to rule on the questions of waiver, estoppel, and accord and satisfaction. By acts and conduct, as shown by our statement of the facts, the respondents have rendered them moot.

5. The court did not err in overruling the demurrer to the petition as

amended, or in sustaining the plaintiff's demurrer to the answer as amended. There being no issue of fact, the judge properly entered judgment granting a mandamus absolute in favor of the plaintiff.

*Judgment affirmed. All the Justices concur, except Wyatt and Almand, JJ., who dissent.*

No. 17644. Argued October 10, 1951—Decided November 14, 1951—Rehearing denied November 28, 1951.

*J. C. Savage, J. C. Murphy, J. M. B. Bloodworth, John E. Feagin,* and *Henry L. Bowden,* for plaintiffs in error.

*Harold Sheats* and *Guy Parker,* contra.