## CITY OF ATLANTA *v.* ANGLIN *et al.*

CANDLER, Justice. The legislature of this State has passed four acts which by their terms apply to pensions for paid firemen of the City of Atlanta. They are the acts of 1924, 1931, 1935, and 1945. Under the act of 1924 (Ga. L. 1924, p. 167), any paid member of the fire department in a city having a population in excess of 150,000 by the United States census of 1920 or any subsequent census could retire from active service, as a matter of right, upon becoming totally disabled in the line of duty or after twenty-five years' active service with such fire department; and, in either event, he would thereafter be paid for the rest of his life a monthly pension in an amount equal to one-half of the monthly salary he was receiving at the time of his retirement. The act also provided for the creation of a board of trustees and for

a tax on fire-insurance premiums and on the salaries of the firemen for the purpose of raising funds for the payment of the pensions provided for. The act of 1931 (Ga. L. 1931, p. 223) amended the act of 1924 and provided that any fireman who retired as a matter of right would thereafter receive for the rest of his life, as a monthly pension, a sum equal to one-half of his salary at the date of his retirement, but in no event to be less than $100 per month. It also provided (Sec. 6): "Should there be on hand insufficient funds to carry out the purposes of this act, such additional funds as are necessary therefor shall be paid out of the treasury of the city." The act of 1935 (Ga. L. 1935, p. 450) amended the act of 1924, as amended by the act of 1931, and provided that any fireman who retired as a matter of right would thereafter receive for the rest of his life a monthly pension of $75. The act of 1945 (Ga. L. 1945, p. 1080) amended the act of 1924, as amended by the acts of 1931 and 1935, and provided that any fireman who retired as a matter of right would thereafter receive for the rest of his life a monthly pension in an amount equal to 55% of his monthly salary as of the date of his retirement, but in no event more than $100 per month.

This litigation arose when the City of Atlanta filed a petition in the Superior Court of Fulton County for a declaratory judgment, and other related relief, against Paul Anglin Sr., a retired city fireman, thirty-two other named and similarly situated retired firemen, and five named persons in their official capacity as members of the Board of Trustees of the Firemen's Pension Fund for the City of Atlanta, the full membership of the board as then constituted. The petition was, however, subsequently dismissed voluntarily by the plaintiff as to the members of the Board of Trustees of the Firemen's Pension Fund, but on petition therefor by such trustees they were later allowed to intervene and become parties defendant. As to this there was no exception. The amended petition alleges: that the defendant firemen were employees of and on the payrolls of the City of Atlanta's fire department when the pension act of 1924 was passed and approved, and thereafter until each retired as a matter of right after 25 years' active service with the fire department; that each contributed to the city's pension fund the full amount required of him; that each upon retirement applied for and was granted a monthly pension of $100 under the terms and pursuant to the provisions of the pension act of 1924, as amended by the act of 1945, which amount each has since accepted and retained; that each during 1951 applied to the Board of Trustees of the Firemen's Pension Fund for the City of Atlanta for an adjustment of his respective pension claim and demanded payment, from the date of his retirement, of a monthly amount equal to one-half of the salary he was receiving monthly at the time of his retirement, less the amount of $100 which he had previously received monthly as a pension, and also demanded payment thereafter of a pension during the rest of his life of an amount per month equal to one-half of his monthly salary as of the date of his retirement; and that the Board of Trustees of the Firemen's Pension Fund approved his application as made and ordered its treasurer to make the adjusted payments accordingly, but such payments have

not been made since funds on hand for that purpose were insufficient. The petition also alleges: The act of 1924 is unconstitutional and void because: (a) it is a local or special act which undertakes to change the general law of this State, declaring that "One council may not by an ordinance bind itself or its successors so as to prevent free legislation in matters of municipal government," and for that reason offends article 1, section 4, paragraph 1 of the Constitution of 1877, which provides that "Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law"; (b) it, and particularly sections 2, 4, and 5 thereof, offends article 7, section 7, paragraph 1 of the Constitution of 1877, which prohibits the creation of a debt by counties, municipal corporations, or political subdivisions of this State without the assent of two-thirds of the qualified voters thereof, voting at an election for that purpose to be held as prescribed by law; and (c) it, and particularly sections 2, 4, and 5 thereof, offends article 7, section 10, paragraph 1 of the Constitution of 1877, which provides that "Municipal corporations shall not incur any debt until provision therefor shall have been made by the municipal government." The amending act of 1931, and particularly that part of section 6 thereof which reads, "Should there be on hand insufficient funds to carry out the purposes of this Act, such additional funds as are necessary therefor shall be paid out of the treasury of the city," is unconstitutional and void because: (a) it offends article 3, section 7, paragraph 8 of the Constitution of 1877, which provides that "No law or ordinance shall pass which refers to more than one subject matter, or contains matter different from what is expressed in the title thereof"; (b) it, and especially the quoted part of section 6 thereof, offends article 7, section 7, paragraph 1 of the Constitution of 1877, which prohibits the creation of a debt by counties, municipal corporations, or political subdivisions of the State; (c) it, and particularly the quoted part of section 6 thereof, offends article 7, section 10, paragraph 1 of the Constitution of 1877, which provides that "Municipal corporations shall not incur any debt until provision therefor shall have been made by the municipal government"; (d) it, and particularly the quoted part of section 6 thereof, offends article 7, section 16, paragraph 1 of the Constitution of 1877, which provides that "The General Assembly shall not by vote, resolution or order, grant any donation or gratuity in favor of any person, corporation or association"; (e) it, and particularly the quoted part of section 6 thereof, offends article 1, section 3, paragraph 2 of the Constitution of 1877, which provides that no "ex post facto law, retroactive law, or law impairing the obligation of contracts" shall be passed; and (f) it, and particularly the quoted part of section 6 thereof, offends article 1, section 10, paragraph 1 of the Constitution of the United States, which provides that no State shall pass any law impairing the obligation of a contract. The petition also alleges that the defendant firemen insist and contend that the amending acts of 1935 and 1945 are unconstitutional and void because they impair their pension contracts and thereby deprive them of vested contract rights acquired under the act of 1924, as amended by the act of 1931, by reducing their respec-

tive pensions without their consent and in violation of article 1, section 3, paragraph 2 of the Constitution of 1877, which declares that no law shall be passed which impairs the obligation of a contract. It is also alleged that the defendant firemen, by accepting rights and benefits created by and conferred on them by the amending acts of 1935 and 1945 and by applying for a pension under the terms and provisions of the act of 1945 and by accepting and retaining the amounts allowed and paid to them as a pension, thereby estopped themselves to question the validity of the acts of 1935 and 1945, waived their pension rights under the act of 1924, as amended by the act of 1931, and agreed to a novation of their pension contracts created by the act of 1924, as amended by the act of 1931. It is also alleged: That the City of Atlanta made no provision in 1924, out of the revenue of that year, for the payment of any pension to retired firemen in future years, nor has it during any subsequent year made such provision; that the city does not have on hand any funds collected in prior years which have not been allocated to other contractual obligations; and that, if the demands of the defendant firemen constitute contractual obligations which the city must pay, it will be necessary to assess and collect such funds from the taxpayers of the city during 1952 and subsequent years. Common questions of law and fact control the claim of each defendant fireman, and the court should by a declaratory judgment determine and settle the existing controversy concerning the constitutionality of the several pension acts involved, as well as the plaintiff's liability and the defendant firemen's rights thereunder, and thus prevent a multiplicity of suits between the parties.

The defendant firemen demurred to the amended petition and by answer averred that they are entitled to the full pension benefits provided for by the act of 1924, as amended by the act of 1931, alleging also that the amending acts of 1935 and 1945 are unconstitutional and void, since they lessen and thereby impair vested contract rights in violation of article 1, section 3, paragraph 2 of the Constitution of 1877. Upon the pleadings, the court decreed that the defendant firemen were entitled to a monthly pension for life equal to one-half of the monthly amount each was receiving as a salary at the time of his respective retirement, and that each was entitled to be paid in a lump sum to January 1, 1952, the amount set opposite his name in paragraph 27 of the answer to the petition. The plaintiff excepted and sued out a writ of error to this court. *Held*:

1. There is no merit in the contention that the act of 1924 offends article 1, section 4, paragraph 1 of the Constitution of 1877, which provides that "Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law." The act applies alike to all cities of this State having a population in excess of 150,000 by the United States census of 1920 or any subsequent census and is itself a general law, and not a special act or law as the plaintiff contends. See *Barge* v. *Camp*, 209 *Ga.* 38 (70 S. E. 2d, 360), and the cases there cited.

2. Nor is there any merit in the contention that the act of 1924, and particularly sections 2, 4, and 5 thereof, and the amending act of 1931,

and particularly that part of section 6 thereof which is quoted in our statement of the facts, violate article 7, section 7, paragraph 1 of the Constitution of 1877, which limits the rights of a municipal corporation to incur a debt. Nor are the act of 1924, and particularly sections 2, 4, and 5 thereof, and the amending act of 1931, and particularly that part of section 6 thereof which is quoted in our statement of the facts, violative of article 7, section 10, paragraph 1 of the same Constitution, which provides that a municipal corporation shall not incur any debt until provision therefor shall have been made by the municipal government. *West* v. *Trotzier,* 185 *Ga.* 794 (196 S. E. 902).

3. That part of section 6 of the amending act of 1931 which reads, "Should there be on hand insufficient funds to carry out the purposes of this Act, such additional funds as are necessary therefor shall be paid out of the treasury of the city," is germane to the general purpose of the act as indicated in the title, and does not as contended offend article 3, section 7, paragraph 8 of the Constitution of 1877, which provides that "No law or ordinance shall pass which refers to more than one subject matter, or contains matter different from what is expressed in the title thereof." The general purpose of the act under attack, as indicated by its title, was to create pensions in favor of retired firemen and to provide funds necessary for their payment; consequently, the imposition of an obligation on the city affected thereby to supply funds when the amount on hand, as raised from other sources, was insufficient to carry out the purpose of the act was legitimately within the general scope of the act as indicated by its title. See, in this connection, *Welborne* v. *State,* 114 *Ga.* 793, 816 (40 S. E. 857); *Davis* v. *Warde,* 155 *Ga.* 748. 771 (118 S. E. 378); *Wright* v. *Fulton County,* 169 *Ga.* 354 (2a) (150 S. E. 262); *Williamson* v. *Housing Authority of Augusta,* 186 *Ga.* 673, 679 (199 S. E. 43); *Walker Electrical Co.* v. *Walton,* 203 *Ga.* 246, 252 (46 S. E. 2d, 184). In *Davis* v. *Warde,* supra, it was said: "The title to an act need not contain a synopsis of all of its provisions. Any legislation which is germane to the general purpose of the act as indicated in the title can be properly embraced in the act, and, no matter what may be its details, the legislation embraced therein will not render the act subject to the objection that it contains matter variant from the title, so long as such matter is legitimately within the general scope of the purpose of the act as indicated in the title."

4. In the circumstances of this case and adhering to our rulings in *Trotzier* v. *McElroy,* 182 *Ga.* 719 (186 S. E. 817), *West* v. *Trotzier,* supra, and *Bender* v. *Anglin,* 207 *Ga.* 108 (60 S. E. 2d, 756), it logically follows that there is no merit in the contention here made that the amending act of 1931, and particularly that part of section 6 thereof which is quoted in our statement of the facts, offends article 7, section 16, paragraph 1 of the Constitution of 1877, which provides that "The General Assembly shall not by vote, resolution or order, grant any donation or gratuity in favor of any person, corporation, or association." We cannot agree with the argument of counsel for the plaintiff in error that *West* v. *Trotzier,* supra, is, on its facts, distinguishable from the case at bar.

5. The plaintiff contends, and counsel has earnestly argued, that the

amending act of 1931, and particularly that part of section 6 thereof which is quoted in our statement of the facts, impaired the obligation of its contract as created under and in consequence of the original pension act of 1924, by imposing further burdens upon it and by conferring additional benefits upon the defendant firemen; hence it offends article 1, section 3, paragraph 2 of the Georgia Constitution of 1877, and article 1, section 10, paragraph 1 of the Constitution of the United States, which inhibit the enactment of any law impairing the obligation of a contract. Conceding, but not holding this to be true, a reversal of the judgment presently complained of would not be required; and this is true because the services rendered by these defendant firemen and the contributions they made to the city's pension fund, after the passage and approval of the amending act of 1931, provided and furnished ample consideration for a new pension contract under the amending act. See, in this connection, *Bender* v. *Anglin,* supra.

6. There is likewise no merit in the plaintiff's contention that the defendant firemen are, under the facts of this case, estopped by conduct to question the validity of the amending pension acts of 1935 and 1945, or that they have by conduct waived their pension rights under the provisions of the pension act of 1924, as amended by the act of 1931. There is no estoppel by conduct where both parties have equal knowledge or equal means of obtaining the truth. *Wilkins* v. *Mc-Gehee,* 86 *Ga.* 764 (13 S. E. 84). "In order for an equitable estoppel to arise, there must generally be some intended deception in the conduct or declarations of the party to be estopped, or such gross negligence as to amount to constructive fraud, by which another has been misled to his injury." Code, § 38-116. In *Tinsley* v. *Rice,* 105 *Ga.* 285, 290 (31 S. E. 174), it was held: "In order to constitute estoppel by conduct, there must concur, first, a false representation or concealment of facts; second, it must be within the knowledge of the party making the one or concealing the other; third, the person affected thereby must be ignorant of the truth; fourth, the person seeking to influence the conduct of the other must act intentionally for that purpose; and fifth, persons complaining shall have been induced to act by reason of such conduct of the other." In this case no facts appear from which it can be said that the plaintiff has been injured or placed at any disadvantage by the conduct of the defendant firemen, and the record discloses no fact or circumstance from which we would be authorized to hold that the defendant firemen by conduct expressly or impliedly waived their pension rights under the act of 1924, as amended by the act of 1931, or agreed to a novation of their contract, as contended; consequently, no estoppel or waiver of vested rights or novation resulted therefrom as contended. See, in this connection, *Best* v. *Maddox,* 185 *Ga.* 78 (194 S. E. 578).

7. In the circumstances of this case and under the rulings made in *Trotzier* v. *McElroy, West* v. *Trotzier, Bender* v. *Anglin,* all supra, and *Pierce* v. *Rhodes,* 208 *Ga.* 554 (67 S. E. 2d, 771), the trial court correctly held that the amending pension acts of 1935 and 1945 offend article 1, section 3, paragraph 2 of the Constituiton of 1877, and are therefore unconstitutional and void insofar as they relate to a reduction of the pension benefits fixed by the act of 1924, as amended

by the act of 1931, for paid city firemen who retire from active service as a matter of right.

8. For no reason assigned is the judgment complained of erroneous.

*Judgment affirmed. All the Justices concur, except Wyatt and Almand, JJ., who dissent, and Atkinson, P.J., who did not participate. Head, J., concurs in the judgment only.*

No. 17851. Argued May 13, 1952—Decided June 10, 1952.

*J. C. Savage, J. C. Murphy, J. M. B. Bloodworth, John E. Feagin* and *Henry L. Bowden,* for plaintiff in error.

*Harold Sheats, Guy Parker* and *Smith, Kilpatrick, Cody, Rogers & McClatchey,* contra.