18306. HARTSFIELD *et al.,* Trustees, *v.* MITCHELL.

DUCKWORTH, Chief Justice. 1. The petitioner, a teacher in the Atlanta School System, complied with the Retirement Act of 1927 (Ga. L. 1927, p. 265) by having deductions made from his salary from the effective date of the act, and, in the absence of action on his part whereby he relinquished his rights thereunder, would have been entitled to receive one-half of the salary he was receiving at the time of his retirement in 1945, as provided in that act. *Trotzier* v. *McElroy,* 182 *Ga.* 719 (186 S. E. 817); *Bender* v. *Anglin,* 207 *Ga.* 108 (60 S. E. 2d 756); *Pierce* v. *Rhodes,* 208 *Ga.* 554 (67 S. E. 2d 771); *City of Atlanta* v. *Anglin,* 209 *Ga.* 170 (71 S. E. 2d 419).

2. But after the original act of 1927 was amended in 1935 (Ga. L. 1935, p. 445), to provide additional benefits, change the amount of deductions from salaries, and fix the amount of retirement not to exceed the maximum sum of $100 per month, the plea and answer shows that this petitioner signed and filed on May 1, 1935, with the board of trustees, a written statement containing the following clause: "I hereby authorize City Controller to make necessary deductions from my wages or salary in order that I may participate in the pension benefits of the 1927 Pension Laws as amended," and on May 24, 1945, signed and filed a similar statement with the board of trustees. By such statements and for the consideration of additional benefits and changed contributions, the petitioner irrevocably consented to the law as changed by amendment and surrendered any right to claim the amount of retirement pay as originally provided by the pension law. The 1935 amendment became effective March 28, 1935. Code §§ 20-1201, 20-106.

3. Because of the facts set out in headnote 2 this case differs on its facts from the cases cited in headnote 1, and, for this reason, the rule there announced does not apply here. And because of such facts this pe-

titioner is limited to the amount of retirement provided by the 1935 amendment, which in his case, is the maximum sum of $100 per month which he has been receiving. It follows that the court erred in sustaining the demurrer to the plea and answer of the defendants and in making the mandamus absolute.

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 16, 1953—DECIDED OCTOBER 14, 1953—
REHEARING DENIED NOVEMBER 12, 1953.

*J. C. Savage, J. C. Murphy, J. M. B. Bloodworth, John E. Feagin, Henry L. Bowden, Hamilton Lokey, Martin McFarland,* for plaintiffs in error.

*Harold Sheats, Guy Parker,* contra.