20068.   BURKS *v.* BOARD OF TRUSTEES OF THE FIREMEN'S PENSION FUND OF THE CITY OF ATLANTA.

Argued May 14, 1958—Decided June 4, 1958—
Rehearing denied June 23, 1958.

*Harold Sheats, Guy Parker*, for plaintiff in error.

*J. M. B. Bloodworth, J. C. Savage*, contra.

Head, Justice. The present case comes to this court on the grant of an application for certiorari. For a statement of the facts and the opinion of the Court of Appeals, see *Burks* v. *Board of Trustees of the Firemen's Pension Fund of the City of Atlanta*, 97 *Ga. App.* 233 (102 S. E. 2d 923).

In *Trotzier* v. *McElroy*, 182 *Ga.* 719 (186 S. E. 817), with refference to the acts of the General Assembly providing for firemen's pensions in certain cities (Ga. L. 1924, pp. 167-173; Ga. L. 1931, pp. 223-228; Ga. L. 1935, pp. 450-456), and in response to the contentions of the City of Atlanta that it is a creature of the State, that its charter might be changed, amended, or annulled, and other stated contentions, including the argument that no obligation rested upon the city to pay pensions to any employees, Mr. Chief Justice Russell (at page 723) stated: "Conceding the force of this argument, we are of the opinion that the better view of the subject is to treat the city's agreement to pay a pension as a contract based on considerations flowing from both parties, and giving the plaintiff in error a vested right which, under art. 1, sec. 10, par. 1, of the Constitution of the United States (Code, § 1-134) can not be impaired." And in the headnote (at page 719) it was said: "The controlling question being whether the allowance of pensions is a mere gratuity, or whether the relationship between the city and the disabled fireman is contractual, it is *held* that the so-called pensions are not mere gratuities, and that the prior acts created a contract to create a fund to which the fireman is required to contribute. For this reason, section 4 of the act of 1935, supra, is violative of art. 1, sec. 10, par. 1, of the Constitution of the United States, which forbids any State to pass any ex post facto law or law impairing the obligation of a contract; and therefore it is void."

The opinion in *Trotzier* v. *McElroy*, 182 *Ga.* 719, supra, has been applied and followed by this court in *Bender* v. *Anglin*, 207 *Ga.* 108 (60 S. E. 2d 756); *Pierce* v. *Rhodes*, 208 *Ga.* 554 (67 S. E. 2d 771); *City of Atlanta* v. *Anglin*, 209 *Ga.* 170 (71 S. E.

2d 419); *Hartsfield* v. *Mitchell*, 210 *Ga.* 197 (78 S. E. 2d 493). The decision of this court in *Bender* v. *Anglin*, supra, is based squarely upon the decision in the *Trotzier* case, supra, and no conflict exists in the rulings as to the contractual rights and liabilities of the city under the 1924 act (Ga. L. 1924, pp. 167-173), as amended by the act of 1931 (Ga. L. 1931, pp. 223-228), and the act of 1935 (Ga. L. 1935, pp. 450-456).

Under the acts of the General Assembly above cited, firemen in the City of Atlanta are required to contribute to a pension fund. It is the established rule in Georgia that such a pension is not a gratuity, but a contract based upon a consideration, and that such contract can not be modified, repealed, or defeated by subsequent acts of the General Assembly after its creation. The rule in Georgia is the general rule in this country. 40 Am. Jur. 971, § 16; 62 C. J. S. 1265, § 614. A pension or retirement allowance granted for services previously rendered, and which were fully paid for at the time they were rendered, would be nothing more than a gratuity. Where contributions are required to the pension fund, and where services are rendered while the pension or retirement statute is in force, so that the statute becomes a part of the contract of employment and is a part of the compensation for the services rendered, a contract is created under the rulings stated in the *Trotzier* case.

In the *Trotzier* case, at the conclusion of the opinion, the rule with reference to a gratuitous allowance or pension is confused with the previous ruling that under the facts in that case a contract existed, which could not be impaired by any subsequent statute. In the *Trotzier* case it was said that the "petitioner's rights had become vested before the amendatory act" of 1935, which is the test applicable to gratuities. The clear and unambiguous rule twice stated in the same decision, to the effect that a contract existed between the fireman and the city, which contract could not be modified or repealed by a subsequent act of the General Assembly, was controlling, and no issue existed under the facts stated wherein the petitioner's rights were limited to a gratuity.

Under the act of 1924 (Ga. L. 1924, pp. 167-173) and the act of 1931 (Ga. L. 1931, pp. 223-228) no provision is made in any

case for a pension to a wife where the husband was not a "pensioner" at the time of his death. Clearly, under facts such as those which were stipulated in the present case a widow would not be entitled to a pension prior to the act of 1935 (Ga. L. 1935, pp. 450-456).

Under the act of 1924 (Ga. L. 1924, pp. 167-173), in § 4, it is provided: "In case of death of a pensioner his widow and children shall draw his pension as herein provided . . ." And in § 13 the provision for payment to the widow and children refers to "deceased pensioner." The act of 1931 (Ga. L. 1931, pp. 223-228), in § 1, provided: "In case of death of a pensioner, his widow, if any, etc." And in § 3 it is provided: "Upon the death of such member while receiving this pension, his widow, etc." It was not until the act of 1935, which added a new § 5a, that provision for a pension to a widow was made in any case where the husband was not a "pensioner" at the time of his death. It is provided in § 5a that: "Upon the death of any member or pensioner, not in line of duty, his widow, if any, shall be paid, etc."

It is insisted in the brief of counsel for the widow that the language in § 3 of the 1931 act, "while receiving this pension" must be construed to mean "while eligible to receive a pension." While it is the general rule, as contended by counsel, that laws pertaining to pensions must be liberally construed (*City of Macon* v. *Herrington*, 198 *Ga.* 576, 589, 32 S. E. 2d 517; 70 C. J. S. 425, § 2; 40 Am. Jur. 963, § 4); it is also the rule that the right of a widow to the payment of benefits on the death of a fireman depends upon the terms of the law providing the right for such benefits, and neither the fireman, nor those claiming under him, have any rights except those conferred by the statutes, or ordinances governing the pension funds. 62 C. J. S. 1266, § 614; 1276, 1278, § 614 (f 1, 3).

The rules of law in this State for the construction of contracts (Code Ch. 20-7) have no application to the present case for the reason that unambiguous language such as that employed in the acts of 1924 and 1931, as to when a widow would be eligible to a pension, requires no construction. It is a condition precedent to the right of a widow to a pension under the acts of 1924 and

1931 that her deceased husband shall have been a "pensioner." This court will not, under the guise of construction, revise or enlarge upon the clear provisions of statutes.

The judgment of the Court of Appeals is correct and is affirmed, but the reasons advanced for such judgment, in so far as they conflict with what is here said, are disapproved.

*Judgment affirmed. All the Justices concur. Wyatt, P. J., and Almand, J., concur in the judgment.*