41862.   WEBB v. WHITLEY et al., Trustees.

Argued March 9, 1966—Decided June 17, 1966—
Rehearing denied July 22, 1966—

154

Sheats, Parker & Webb, Guy Parker, Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Welborn B. Cody, for appellant.

Henry L. Bowden, Ferrin Y. Mathews, for appellees.

BELL, Presiding Judge. ■ This case was originally carried to the Supreme Court of Georgia. The Supreme Court transferred it to this court as one of that class of cases that involve "the mere application of unquestioned and unambiguous provisions of the Constitution to a given state of facts." Webb v. Whitley, 221 Ga. 618 (146 SE2d 722).

■ The uncontradicted facts and the statutory law involved in this case are as follows:

Petitioner's deceased husband, James G. Webb, began his employment as a fireman of the City of Atlanta in 1912, and served in that employment for more than 34 years.

Under an Act of 1924 (Ga. L. 1924, p. 167), any paid member of the fire department in a city having a population in excess of 150,000 by the United States census of 1920 or any subsequent United States census could retire from active service as a matter of right after twenty-five years active service, and the retired member would thereafter be paid monthly for the rest of his life one-half of the salary he was receiving at the time of his retirement. An Act of 1931 (Ga. L. 1931, pp. 223, 225) amended Section 4 of the Act of 1924 so that if one-half the salary the member was receiving at the time of his retirement was less than

$100, the member would be paid $100 monthly after his retirement for the rest of his life. In case of the death of a pensioner, his widow, if any, would receive during her life and until remarried, the amount of pension being paid to the pensioner at the time of his death.

An Act of 1935 (Ga. L. 1935, pp. 450, 452) amended the 1924 Act to reduce the monthly amounts of pensions, but neither appellant nor appellees express any contentions involving the 1935 Act. In 1945 the legislature passed an Act (Ga. L. 1945, p. 1080) which amended the 1924 Act so that Section 4 provided: "When such member shall retire as a matter of right, he shall be paid thereafter for the rest of his life 55% of the monthly salary or pay that he was receiving at the time of such retirement, but the maximum amount to be paid to any fireman as a pension shall be the sum of $100.00 per month . . . In case of death of such pensioner, his widow, if any, shall receive during her life or until remarried, a sum equal to three-fourths of the amount the pensioner was drawing at the time of his death . . ."

On April 9, 1945, after the effective date of the 1945 Act, petitioner's husband signed a statement which was filed with the board of trustess and which contained the following clause: "I hereby authorize City Comptroller to make deductions from my salary in order that I may participate in the 1924 Pension Act as amended."

Thereafter, the 1924 Act was amended by Ga. L. 1947, pp. 717, 719, which added the following to Section 4: "The amount of pension herein authorized shall be increased by 4% for each full year such member shall serve before retiring in excess of 25 years and not in excess of 35 years."

The petitioner's husband, James Webb, retired from active service as a member of the fire department on April 1, 1947. At that time his salary was $304.75 a month. The Board of Trustees of the Firemen's Pension Fund fixed his pension at $136 a month. After his death on August 30, 1952, the board fixed the monthly amount of pension to be paid petitioner as his widow at $102 a month effective September 1, 1952.

Petitioner claims that she is entitled to a monthly pension of $207.23. This amount would be $152.38, the amount provided

by the Act of 1924 as originally amended by the Act of 1931, plus $54.85. The latter amount is 4% of the former multiplied by the 9 years which petitioner's husband served in excess of 25 years, and is claimed under the amendatory Act of 1947. She also claims unpaid sums which she contends have accrued from the date of her husband's retirement.

Petitioner argues that denial of these claims, based upon the amendatory Act of 1945, is in violation of Art. I, Sec. X, Par. I of the Constitution of the United States and Art. XII, Sec. I, Par. I of the Constitution of this State in that the amendment impaired contractual obligations due petitioner under the 1924 and 1931 Acts and in violation of Art. XII, Sec. I, Par. V of the Constitution of Georgia of 1877 because the 1945 Act affected her vested rights granted by the former Acts. These constitutional provisions are restricted to the protection of *vested* rights; they do not render inviolate mere contingent or speculative interests. See Ochiltree v. Iowa R. Contracting Co., 21 Wall 249 (22 LE 546); *Phillips v. J. L. Peed Co.,* 78 Ga. App. 471, 475 (51 SE2d 468).

■ The obligation of the City of Atlanta to pay benefits to firemen under the Acts of 1924 and 1931 amounted to a contractual relationship between the city and each fireman with consideration flowing from both parties, giving to the fireman a vested right protected by the inhibition against the impairment of the obligation of a contract under both the State and Federal Constitutions. *Trotzier v. McElroy,* 182 Ga. 719 (186 SE 817); *West v. Trotzier,* 185 Ga. 794, 796 (2) (196 SE 902); *Bender v. Anglin,* 207 Ga. 108 (60 SE2d 756). See also: *Hollis v. Jones,* 184 Ga. 273, 274 (1) (191 SE 127); *City of Atlanta v. Anglin,* 209 Ga. 170, 175 (7) (71 SE2d 419); and *Burks v. Board of Trustees,* 214 Ga. 251, 253 (104 SE2d 225), which clarifies *Trotzier v. McElroy,* supra.

"Where contributions are required to the pension fund, and where services are rendered while the pension or retirement statute is in force, so that the statute becomes a part of the contract of employment and is a part of the compensation for the services rendered, a contract is created under the rulings stated in the *Trotzier* case." *Burks v. Board of Trustees,* supra. Thus

the contractual rights granted by the statute become vested in the fireman immediately upon any participation in active service while the statute is in effect, irrespective of whether at the time in question the fireman has completed sufficient length of service then to be eligible for retirement as a matter of right. See *Bender v. Anglin*, 207 Ga. 108, supra; *Pierce v. Rhodes*, 208 Ga. 554, 555 (1) (67 SE2d 771). The rights thus vested in the fireman include the obligation of the city to pay benefits to the fireman's dependents upon his death.

The fireman, however, by execution and delivery of a written statement by which he authorizes deductions from his wages for the express purpose of participating in the pension benefits provided by the statute as amended, irrevocably consents to the law as changed by amendment and surrenders any right to claim benefits as originally provided by the pension law, where in return for his consent he receives consideration by way of additional benefits and changed contributions. *Hartsfield v. Mitchell*, 210 Ga. 197 (2) (78 SE2d 493), followed in *Childers v. City of Atlanta*, 211 Ga. 130 (84 SE2d 50). We have examined and compared in detail the Act of 1924 as amended by Ga. L. 1931, p. 223 with the amendatory Act of 1945, with particular reference to the rights of petitioner's husband as they existed immediately before and after he gave his consent to the change in the law wrought by the 1945 amendment. From that it appears that there were different and additional benefits made available to him under the 1945 amendment, although the 1945 amendment required him to make higher periodic contributions to the fund and although his benefits provided for prior to the amendment were reduced in monetary amount by the change in the law. See for example the second paragraph of Section 5a of the Act as amended by Section 3 of Ga. L. 1945, pp. 1080, 1082, and see also *Burks v. Board of Trustees*, 214 Ga. 251, supra. Thus the consent given by pensioner's husband was valid and effective to change rights vested in him prior to the 1945 amendment.

Clearly, if petitioner had a vested right to benefits provided by the 1924 Act as amended by the Act of 1931, neither the 1945 amendment nor the consent subsequently given by her husband would have been effective to alter that right. However, the

petitioner's right to receive benefits under the pension law essentially was derivative and until it could be said to have vested in her, it depended entirely for its continued existence upon those rights which were vested in her husband. To the extent that the wife's rights were not vested separately in her but were merely contingent, at the time her husband gave his consent to the change in the law, his consent was effective to change her contingent rights also.

■ The status of a dependent with respect to a contract created under a pension law has been stated to be that of a third party beneficiary. State v. City of Jacksonville Beach, (Fla. App.) 142 S.2d 349, 357. We are aware of the general rule that unless the power to do so is reserved, the duty of a promisor to a third party donee beneficiary cannot be released by the promisee or affected by any agreement between the promisee and the promisor. Restatement, Contracts, § 142. This principle finds some support in Georgia cases involving ordinary life insurance policies. E.g., *Perry v. Tweedy*, 128 Ga. 402 (57 SE 782). However, the holding in such cases is based upon the premise that the issuance of the policy confers a vested right upon the person named as beneficiary, and the principle would not be applicable otherwise. The analogy between cases like this one and those which hold that the named beneficiary obtains a vested right upon issuance of a life insurance policy has been discounted in Packer v. Board of Retirement, 35 Cal.2d 212 (217 P2d 660, 663).

It is true that in the absence of her husband's consent to the law as changed by the 1945 amendment, petitioner would have acquired a vested interest in the contract between him and the city immediately upon his retirement. *West v. Anderson*, 187 Ga. 587, 589 (1 SE2d 671). The status of her interest would then have been similar to a vested remainder for life subject to be divested by divorce before the husband's death or by remarriage afterwards. However, under the provisions of the pension law under which this wife claims, we do not think that she acquired any vested interest prior to her husband's retirement. "The distinction between a vested and a contingent interest is the uncertainty of the right of enjoyment in the future, and not

the uncertainty of enjoyment in the future." *Grant v. Grant,* 187 Ga. 807, 816 (2 SE2d 421).

The 1924 and 1931 Acts provided no benefits for the fireman's widow unless the fireman died as a pensioner (see *Burks v. Board of Trustess,* 214 Ga. 251, supra) or lost his life in service (see Sec. 13, Ga. L. 1924, pp. 167, 171). Unquestionably the employment contract between the city and the petitioner's husband was subject to termination by either party other than by his retirement or death in the line of duty. Under these circumstances it seems clear that prior to the husband's retirement for disability or as a matter of right the wife obtained no certain right to benefits. Thus, her interest prior to his retirement was merely contingent, not vested separately in her. Being a contingent interest or mere expectancy, it was not within the protection of the constitutional provisions invoked by the sagacious and exemplary counsel of petitioner.

This holding is not to be interpreted to mean that the 1945 amendment would have affected the widow's interest without the husband's consent prior to his retirement. Her contingent interest, though itself not directly protected by constitutional provisions, would have been sustained by the continuance of the vested interest in her husband, which was protected.

*Judgment affirmed. Jordan and Eberhardt, JJ., concur.*